George **DERETICH**, Plaintiff,

v.

**CITY OF ST. FRANCIS**; St. Francis City Council members from 1980 until the present; Steven Braastad; Robert Patterson; Raymond Steinke; Dale Frederikson; Carol Berg; Walt Hiller; William Hawkins, individually and in his representative capacity of St. Francis City Attorney; Mateffy Engineering & Associates, Inc., individually and in its representative capacity of St. Francis City Engineer; Sharon Fulkerson, individually and in her representative capacity of St. Francis City Clerk; Stephen M. Klein, individually and in his representative capacity of St. Francis City Planner; Marvin E. Gustafson; Burke and Hawkins; Barna, Guzy, Merrill, Hynes and Giancola, Ltd.; Richard Merrill; Steffen, Munstenteiger, Bearse, Beens, Parta and Peterson; Ronald Peterson; Lester Mateffy; First National Bank of Anoka; Steve Schmitt, individually and in his representative capacity of First National Bank of Anoka Commercial Loan Officer; and Gramont Corporation, a Minnesota corporation, Defendants.

Civ. No. 3–83–942.

United States District Court,
D. Minnesota,
Third Division.

Dec. 22, 1986.

Dale Wagner, Moss & Barnett, Philip A. Cole, Lommen, Nelson, Sullivan & Cole, P.A., Minneapolis, Minn., Timothy R. Murphy, Geraghty, O'Loughlin & Kenney, P.A., St. Paul, Minn., Lawrence R. Johnson, Steffen, Munstenteiler, Beens, Parta & Peterson, Anoka, Minn., Malcolm G. McDonald, Moore, Costello & Hart, Rolf E. Gilbertson, Maun, Green, Hayes, Simon, Johanneson and Brehl, St. Paul, Minn., George F. McGunnigue, Jr., Leonard, Street & Deinard, Frank B. Bennett, Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for defendants.

Mary Sarazin Timmons, Deretich & Timmons, P.A., St. Paul, Minn., for plaintiff.

## MEMORANDUM & ORDER

### DENYING STAY

### DETERMINING FEES ON APPEAL

### DETERMINING FEES ON CASES IN DISTRICT COURT

DEVITT, District Judge.

Plaintiff, a lawyer, commenced this action on August 4, 1983, alleging defendants conspired to deprive him of a property interest without due process of law. He sought relief under 42 U.S.C. Sections 1983 and 1985, and alleged pendent state law claims. Discovery and pretrial procedures proceeded. On December 1, 1983 this court dismissed plaintiff's section 1985 claim, and on July 18, 1985, granted defendants' motions for summary judgment on the section 1983 claim and dismissed the state law claims. On appeal, the Court of Appeals of the Eighth Circuit affirmed judgment for defendants, finding all contentions raised by plaintiff without merit and the appeal frivolous. *Deretich v. City of St. Francis*, No. 85–5283, 802 F.2d 463 (8th Cir.1986). The Court of Appeals awarded defendants double costs and attorneys' fees on appeal.

This matter is now before us on remand for a determination of the appropriate amounts of fees incurred by defendants on appeal. Defendants have also renewed their motions for attorneys' fees and costs covering the proceedings in the district court. Plaintiff also moves for a stay of the Eighth Circuit's mandate and any further proceedings in this court pending his

application to the United States Supreme Court for a writ of certiorari.

We have considered the voluminous memoranda and supporting affidavits from all parties and have reviewed all files, records and proceedings, and based on this and the court's personal knowledge of counsels' performance throughout the litigation, we deny plaintiff's motion for a stay and find defendants are entitled to fees on appeal in the amount of $41,300.48 and fees and costs for the district court proceedings in the total amount of $163,-956.72.

## PLAINTIFF'S MOTION FOR A STAY

■ Plaintiff's counsel moved this court for an order staying the execution of the judgment rendered by the Court of Appeals on October 16, 1986. The motion was grounded on 28 U.S.C. Sec. 2101(f), to enable plaintiff reasonable time to obtain a writ of certiorari from the Supreme Court. This statute authorizes the Court of Appeals or a justice of the Supreme Court to grant a stay, but not the district court. Thus, this court lacks jurisdiction to entertain plaintiff's motion. *In Re Stumes*, 681 F.2d 524, 525 (8th Cir.1982).

## ATTORNEYS' FEES AND COSTS ON APPEAL

Upon its determination that plaintiff's appeal was frivolous, the Court of Appeals awarded defendants double costs and attorneys' fees on appeal pursuant to Federal Rule of Appellate Procedure 38. The Court of Appeals subsequently entered judgment against plaintiff/appellant for double costs on appeal in the amount of $5,066.27. Pursuant to the appellate court's mandate, this court is asked to determine the amount of defendants' attorneys' fees on appeal.

■ Defendants have requested fees on appeal ranging from $3,191.50 to $9,435.00. On the high end of the scale were the fees charged for the defense of the City of St. Francis and eight of its employees. The attorney primarily responsible for their defense is experienced in the defense of municipalities and, specifically, in the defense

of civil rights actions. He charged between $70 and $90 per hour for his firm's 127 hours of legal service on the appeal. The detailed itemizations of the services billed are fully justified. On the low end of the scale were the fees charged for the defense of Leslie Mateffy and Mateffy Engineering and Associates. Despite the absence of itemized bills evidencing the Mateffy defense, counsel's affidavit reflects a reasonable fee for the preparation and presentation of the appeal. The request of $3,192.50 is the equivalent of 45½ hours charged at $70 per hour, a reasonable and customary rate for an attorney's services in this community during 1985 and 1986.

The remaining defendants submitted extensive supporting documentation of the legal services rendered on appeal. A careful review of these documents in the light of plaintiff's opposition to certain items leads us to conclude that the amounts requested are justified.

In conclusion, pursuant to the Court of Appeals' mandate, I find that defendants are entitled to an award of fees on appeal as follows:

| | |
|---|---|
| City of St. Francis, Steven Braastad, Robert Patterson, Raymond Steinke, Dale Frederikson, Carol Berg, Walt Hiller, Sharon Fulkerson and Stephen Klein | $9,435.00 |
| Mateffy Engineering and Associates, Inc. and Leslie Mateffy | 3,192.50 |
| William Hawkins and Burke and Hawkins | 4,706.75 |
| Steffen, Munstenteiger, Bearse, Beens, Parta and Peterson and Ronald Peterson | 6,046.73 |
| Marvin E. Gustafson and Gramont Corp. | 4,598.00 |
| First National Bank in Anoka and Steve Schmitt | 7,900.00 |
| Richard Merrill and Barna Guzy Merrill Hynes and Giancola, Ltd. | 5,421.50 |

## IN DISTRICT COURT

Defendants request attorneys' fees and costs in the district court proceedings from the initiation of the suit. Prevailing defendants, however, are not automatically awarded fees and costs pursuant to 42 U.S.C. Sec. 1988. In *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98

S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court articulated what has become the standard basis for awarding attorneys' fees to prevailing defendants in civil rights cases. The Court ruled that a plaintiff should be assessed his opponent's attorneys' fees where his claim was frivolous, unreasonable, or groundless, or where the plaintiff continued to litigate after it clearly became so. *Id.* at 422, 98 S.Ct. 700. If the court finds the plaintiff brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with attorneys' fees incurred by the defense. *Id.*

In this case, we have the Court of Appeals' finding that plaintiff's claims were without merit and the appeal was frivolous. In addition, we have plaintiff's continuous representations to this court insisting that facts would be discovered to support all claims against defendants. Despite ample opportunity to conduct the in depth discovery required for litigation of this magnitude, however, plaintiff never deposed any defendant and never produced any facts supporting his claims. He said he would testify to the fraud perpetrated on him, but was unable to articulate any supportive facts at his five-day deposition. Even if plaintiff reasonably believed his claims were well-founded at the initiation of this action, the record reveals that he continued to litigate unreasonably after the claims clearly became frivolous.

■ The record also establishes plaintiff's bad faith in the conduct of this litigation. Plaintiff is an experienced attorney, held to a higher standard of responsibility than a lay person litigant. He is presumptively skilled in evaluating claims and charged with knowledge of judicial process. Nevertheless, he persisted in these proceedings despite the absence of any supportive facts. The court admonished him to proceed further only if he could prove a legitimate claim. Plaintiff repeatedly assured the court that additional discovery would uncover supportive facts. Not only did plaintiff continue to litigate after this action became frivolous and unreasonable,

but he did so in bad faith. Therefore, plaintiff is liable for defendants' attorneys' fees and costs.

■ All defense counsel charged a fair, reasonable, and customary fee for the services performed in the district court. Plaintiff has made no objections of substance. These twenty-one defendants, vigorously and competently, defended a forty-page complaint for two and one-half years through discovery, nondispositive and dispositive motions, a successful appeal, and finally this motion for attorneys' fees. I find, on this record, that defendants are entitled as prevailing parties to an award of fees in the amount of $148,474.61 and costs in the amount of $15,482.11.

■ Fed.R.Civ.P. Rule 11 imposes on the attorney who signs a paper filed with the court the burden of making reasonable inquiry to determine whether assertions in the paper are "well grounded *in fact* and (are) warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (are) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." 28 U.S.C. 1927 also authorizes an award of excess costs, expenses and attorneys' fees against one who "so multiplies the proceedings in any case unreasonably and vexatiously."

The court finds that plaintiff and his counsel have violated Civil Rule 11 and Sec. 1927. This court cautioned plaintiff and his counsel in November 1983 that they must establish that each individual defendant was a knowledgeable member of the conspiracy and participated in some part of it. The consequences of pursuing a meritless claim were brought to their attention. Apparently, plaintiff's counsel relied on her client for information at the commencement of this action. Although such reliance may have been justified early on, it was no longer justifiable when discovery failed to reveal supporting facts. In particular, plaintiff's counsel should have been fully alerted to the weakness of the claims

when her client was unable to articulate supportive facts at his deposition.

Plaintiff's counsel assisted plaintiff in pursuing this litigation after it had clearly become frivolous. In so doing, she multiplied the proceedings unreasonably and vexatiously and abused the judicial process. Accordingly, the court finds plaintiff's counsel, Mary Sarazin Timmons, jointly liable with plaintiff for one-third of the defendants' attorneys' fees and costs incurred in the district court proceedings.

Based on the foregoing, and all files, records, and proceedings herein, IT IS ORDERED that:

1. Plaintiff's motion for a stay is DENIED.

2. Defendants' motions for attorneys' fees and costs are GRANTED.

3. The Clerk is directed to enter judgment:

a. For the City of St. Francis, Steven Braastad, Robert Patterson, Raymond Steinke, Dale Frederikson, Carol Berg, Walt Hiller, Sharon Fulkerson, and Stephen Klein in the amount of $26,937.06 for attorneys' fees and costs in the district court proceedings against plaintiff George Deretich and Mary Sarazin Timmons, with Mary Sarazin Timmons jointly liable with plaintiff for one-third of the judgment.

b. For Mateffy Engineering and Associates, Inc. and Leslie Mateffy in the amount of $9,561.80 for attorneys' fees and costs in the district court proceedings against plaintiff George Deretich and Mary Sarazin Timmons, with Mary Sarazin Timmons jointly liable with plaintiff for one-third of the judgment.

c. For William Hawkins and Burke and Hawkins in the amount of $13,851.14 for attorneys' fees and costs in the district court proceedings against plaintiff George Deretich and Mary Sarazin Timmons, with Mary Sarazin Timmons jointly liable with plaintiff for one-third of the judgment.

d. For Steffen, Munstensteiger, Bearse, Beens, Parta and Peterson and Ronald Peterson in the amount of $20,095.43 for attorneys' fees and costs in the district court proceedings against plaintiff George Deretich and Mary Sarazin Timmons, with Mary Sarazin Timmons jointly liable with plaintiff for one-third of the judgment.

e. For Marvin E. Gustafson and Gramont Corporation in the amount of $21,685.29 for attorneys' fees and costs in the district court proceedings against plaintiff George Deretich and Mary Sarazin Timmons, with Mary Sarazin Timmons jointly liable with plaintiff for one-third of the judgment.

f. For First National Bank in Anoka and Steve Schmitt in the amount of $37,044.83 for attorneys' fees and costs in the district court proceedings against plaintiff George Deretich and Mary Sarazin Timmons, with Mary Sarazin Timmons jointly liable with plaintiff for one-third of the judgment.

g. For Richard Merrill and Barna, Guzy, Merrill, Hynes and Giancola, Ltd. in the amount of $34,781.17 for attorneys' fees and costs in the district court proceedings against plaintiff George Deretich and Mary Sarazin Timmons, with Mary Sarazin Timmons jointly liable with plaintiff for one-third of the judgment.

LET JUDGMENT BE ENTERED ACCORDINGLY.