# Gene T. Angle

## v.

# Quinton Overton, Sheriff of Franklin County

Record No. 841755

March 4, 1988

Present: All the Justices

*Arthur P. Strickland (Strickland & Rogers*, on briefs), for appellant.

*B. James Jefferson (Welch and Jefferson*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

The question in this appeal is whether the trial court erred in refusing to implement a decision of a grievance panel.

On February 27, 1984, appellee, Quinton Overton, Sheriff of Franklin County, demoted appellant, Gene T. Angle, from the rank of lieutenant with the Franklin County Sheriff's Department to the position of corrections officer assigned to the Franklin County jail. Consequently, Angle filed a grievance pursuant to the county ordinance establishing a grievance policy and procedure. Angle's grievance ultimately was heard and decided substantially in Angle's favor by a three-member panel.

When Overton received the panel's decision, he advised Angle that "[a]fter considering the 'Recommendations' of the . . . Panel," he had decided that Angle would remain a corrections officer. Thereupon, Angle petitioned the trial court for a writ of mandamus to compel Overton to implement the panel's decision.

The trial court refused to implement the panel's decision, finding that it was merely a recommendation. The trial court concluded, therefore, that Overton was not bound by the panel's decision, but was free to exercise his discretion in deciding whether to implement it. The trial court opined that because Angle sought to compel Overton to perform a discretionary act, mandamus did not lie. Angle appeals from the judgment of the trial court.

The facts are undisputed. At the time Angle was demoted, he had been employed by the Sheriff's Department for 12 years, the last eight years with the rank of lieutenant. In February 1984, Angle participated with State Alcoholic Beverage Control officers in a raid on an illegal liquor operation in Franklin County. Following the raid, Angle was questioned about the incident by a newspaper reporter and responded to the questions.

Prior to the incident, Overton had issued an order directing all personnel in his department not to give information to the media concerning the participation of the Sheriff's Department in the enforcement of state liquor laws. Instead, any such news releases were to be made by State Alcoholic Beverage Control officers. Because he violated Overton's order, Angle was demoted to the position of corrections officer.

The grievance panel found that Angle was aware of Overton's direct order respecting press releases concerning illegal liquor operations, but that he was not aware of the penalty for violating the order. The panel further found that Angle had violated the order, "[e]ven though the violation . . . appeared to be inadvertant [sic]." The panel noted that Angle did not have any record of disciplinary problems, and during his years of service with the Sheriff's Department, he had demonstrated "high standards, and professionalism."

Having made these findings and upon consideration "of all facts," the panel concluded that Angle should be disciplined as follows:

> This panel recommends that Gene Angle be given a two week suspension without pay effective immediately. In addition, when Mr. Angle returns to duty . . . , he will do so at his former rank of lieutenant but with an administrative decrease of one salary step . . . .
>
> It is not the intention of this panel to award any back pay to Gene Angle for the time he has been working in the capacity of corrections officer.
>
> Mr. Angle will also be advised that a probationary period of one year will be enforced on his performance. Any violation of Sheriff's Department policy, violation of an order, or insubordination during this probationary period could result in more severe disciplinary action by the Sheriff.

■ Franklin County's grievance procedure was established pursuant to Code § 15.1-7.1, which provides in pertinent part that "the governing body of every county . . . which has more than fifteen employees shall have a grievance procedure for its employees that affords an immediate and fair method for the resolution of disputes which may arise between [the] public employer and its employees . . . ." Code § 15.1-7.2 mandates that a county "shall

have a grievance procedure which fully and closely complies with the definition of a grievance and the minimum provisions of the state grievance procedure as described in § 2.1-114.5:1." *See Jones* v. *Carter*, 234 Va. 621, 363 S.E.2d 921 (1988).

■ Both Code § 2.1-114.5:1(D)(4) and the corresponding provision of the County's grievance procedure, Section 7.1(e), provide that the panel's decision "shall be final and binding."[1] Moreover, "[e]ither party may petition the circuit court having jurisdiction . . . for an order requiring implementation of the decision of the panel." Code § 2.1-114.5:1(F).[2]

In its memorandum opinion, the trial court correctly stated that "[t]he controlling issue . . . is whether the [panel's decision is] a binding finding which the Sheriff is required to follow or merely a recommendation to be considered by the Sheriff." The trial court concluded that the panel's decision was merely a non-binding recommendation. We do not agree.

■ Focusing upon the panel's use of the term "recommends," the trial court erroneously concluded that implementation of the panel's decision was within Overton's discretion. Our reading of the panel's decision, in light of the statutory mandate that it is *binding*, leads us to the conclusion that it commanded Overton to act.

The panel said that "*when*," not "if," Angle "returns to duty . . . , he *will* do so at his former rank of lieutenant." (Emphasis added.) The panel also stated that "Angle *will* . . . be advised that a probationary period of one year *will* be enforced." (Emphasis added.) These provisions of the decision are couched in mandatory, not discretionary, language.

The panel was composed of non-lawyers. It is not reasonable, therefore, to expect the panel to employ language that would "meet the standards of the most efficient legal technician." *Narrows* v. *Clear-View Cable TV*, 227 Va. 272, 281, 315 S.E.2d 835, 840, *cert. denied*, 469 U.S. 925 (1984).

Obviously, if Overton were free either to accept or to reject the panel's decision, the decision would not be binding and the griev-

---

[1] The issue of grievability is not before us in this appeal. If grievability becomes an issue, it must be resolved before a panel hearing is conducted. Code § 2.1-114.5:1(E); Section 7.1(d), County Grievance Policy and Procedure. *See generally City of Danville* v. *Franklin*, 234 Va. 275, 361 S.E.2d 634 (1987).

[2] Because of this statutory proceeding, a mandamus proceeding is unnecessary. Nevertheless, under either procedure, the issue is the same.

ance procedure mandated by the General Assembly would be rendered impotent. We reject such a result.

Accordingly, we will reverse the judgment of the trial court and remand the case with directions that the trial court enter "an order requiring implementation of the decision of the panel." Code § 2.1-114.5:1(F).

*Reversed and remanded.*