# Roy V. Zicca

### v.

# City of Hampton

Record No. 900298

November 9, 1990

Present: All the Justices

*Oldric J. LaBell, Jr.* for appellant.
*A. Paul Burton, City Attorney,* for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether the City of Hampton complied with the decision of a grievance panel which decided that a City employee should be reinstated to his former position.

Roy V. Zicca was employed as a golf course superintendent for the City of Hampton. The duties of a golf course superintendent, as described in the City's job description, are:

Plans and directs the maintenance and operation of a 100 acre golf course. Directs the operation and maintenance of various types of golf course maintenance equipment. Maintains the cemetery and other public property in the immediate area. Supervises a staff of trades [sic] and technical employees.

Zicca was dismissed from the City's employ on October 4, 1988, because he purportedly made inappropriate remarks to his supervisor. Zicca then filed a grievance as provided by the City's ordinance establishing a grievance policy and procedure. Zicca specifically requested that the grievance panel reinstate him to the position of golf course superintendent. The grievance panel conducted a hearing and, on January 30, 1989, rendered the following decision: "Return the grievant [Zicca] to his former position as Golf Course Superintendent with full back-pay less thirty (30) working days which will be shown as a disciplinary suspension in his record."

When Zicca returned to work, he was informed that he was assigned to a temporary position at the City's Aerospace Park. There, he performed clerical duties and research assignments. Zicca continued to receive the same salary he had received as golf course superintendent. Zicca objected to the temporary assignment. He was later transferred to a newly created position of maintenance manager.

Zicca filed a petition in the circuit court pursuant to Code §§ 15.1-7.1 and 2.1-114.5:1 and requested that the court enter an

order requiring that the City reinstate him to the position of golf course superintendent. During the trial, Zicca and the City made the following stipulation of fact:

> The Court: Were you able to stipulate any further as to other facts in the case? [I]s there any agreement among you as to whether Mr. Zicca was . . . actually returned to his position as golf course superintendent and then transferred . . . ?

> Mr. LaBell [Counsel for Zicca]: I think we agreed on the physical aspects of it, Your Honor. The legal connotations we differ on, but I think we could stipulate the fact that he [Zicca] never actually went out to the golf course, never acted in the capacity of superintendent, and never set foot in the place and never carried out any of those functions. I think we could stipulate to that.

> The Court: Is this satisfactory, Mr. Burton [City Attorney for the City of Hampton]?

> Mr. Burton: I will stipulate, Your Honor, that he [Zicca] did not go back physically out to the Hampton Golf Course and perform the duties out there.

At the conclusion of Zicca's presentation of evidence, the court granted the City's motion to strike. The court was of the opinion that the City had technically complied with the decision of the grievance panel. We disagree.

■ The City's grievance procedure was established pursuant to Code § 15.1-7.1 which states, in part, that:

> Notwithstanding any other provision of law to the contrary, the governing body of every . . . city . . . which has more than fifteen employees shall have a grievance procedure for its employees that affords an immediate and fair method for the resolution of disputes which may arise between the public employer and its employees . . . .

Code § 15.1-7.2 requires each governing body to establish procedures which are consistent with the provisions of the state grievance procedure.

█ The grievance panel's decision is binding on the City. *Angle v. Overton*, 235 Va. 103, 106, 365 S.E.2d 758, 759-60 (1988). The City stipulated that Zicca never performed the duties of a golf course superintendent when he returned to the City's employ. In an untenable argument, the City contends that Zicca was reinstated for one day as golf course superintendent and then reassigned new duties on the following day. The purported "reinstatement and reassignment," which were reflected in the City's "employee transaction form" signed by the City's Director of Human Resources, were merely subterfuges by which the City sought to circumvent the panel's binding decision by providing for a one-day reinstatement.

█ We recognize that a City employee, such as Zicca, does not have a vested right to remain in a personnel classification indefinitely. However, this is not what Zicca seeks to do. Rather, he seeks to be reinstated to his former position in accordance with the decision of the grievance panel. Accordingly, we will reverse the judgment of the trial court and remand this case with directions that the trial court enter an order which requires that Zicca be reinstated to the position of golf course superintendent in accordance with the Panel's decision. *See* Code § 2.1-114.5:1(F).

*Reversed and remanded.*