## CIRCUIT COURT OF FAIRFAX COUNTY

Patricia Henty

v.

William Leidinger et al.

June 2, 1995

Case No. (Chancery) 138126

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court upon the Demurrer and Plea in Bar of Sheriff Carl R. Peed and the Demurrer of County Executive William Leidinger and Fairfax County to Patricia Henty's Enforcement Petition. For the reasons stated below, the Demurrer and Plea in Bar of Sheriff Peed are overruled and the Demurrer of Mr. Leidinger and Fairfax County is sustained.

Ms. Henty was fired from her position as a Fairfax County Deputy Sheriff in 1992 for allegedly impermissible sexual conduct. Utilizing the Fairfax County grievance procedure, which applies to the Fairfax Sheriff's department under SOP # 204 and by agreement between the Sheriff's Office and the County government, Ms. Henty appealed her termination. After a hearing, the panel appointed by the Fairfax County Civil Service Commission (hereinafter "the Commission") decided on October 12, 1994, that while Ms. Henty was guilty of the alleged conduct, her termination was too severe a penalty. The Commission ordered her reinstatement following suspension without pay for three years. Both Mr. Leidinger and Sheriff Peed requested reconsideration by the Commission. On December 7, 1994, the Commission reaffirmed the Commission's decision without hearing oral argument. Sheriff Peed has refused to reinstate Ms. Henty, who has filed this Petition to have the Court enforce the Commission's decision.

Sheriff Peed demurs on two grounds. First, Sheriff Peed contends that as an independent, constitutionally elected officer, he need not follow the decisions of the Commission, despite the fact that he had agreed to submit to the County's grievance procedure. The Court finds that the Commission's decision to reinstate Ms. Henty is binding on Sheriff Peed. A sheriff whose department follows the county's grievance procedure is bound by the final decision of that grievance panel. *Angle v. Overton*, 235 Va. 103, 106-07 (1988). Because Sheriff Peed had agreed to allow his employees to use Fairfax County grievance procedures, the Commission's decisions are binding upon him. This ground of the Sheriff's Demurrer is overruled.

Next, Sheriff Peed contends that his due process rights were violated because he was not afforded appellate review of the Commission's decision. The Court finds that there was no violation of Sheriff Peed's due process rights and overrules this ground of the Sheriff's Demurrer.

Sheriff Peed's Plea in Bar is based on two grounds. First, he contends that the Commission's decision is inconsistent with law and written policy. As County Executive, Mr. Leidinger has the sole authority to determine whether the relief granted by a panel is consistent with written policy. Va. Code § 15.1-7.2(10)(a)(7); Fairfax County Personnel Regulation 17.12-7. At issue is whether or not Mr. Leidinger's November 15, 1994, letter to the Commission, asking for reconsideration on the grounds that the reinstatement ordered by the panel was inconsistent with written policy, was in fact a determination that the relief was inconsistent with written policy.[1] The Court finds that Mr. Leidinger's letter was not a final determination that the relief was inconsistent with written policy. In the letter, Mr. Leidinger stated that "[a]n employee who conducted herself in the manner in which the Commission found that Henty conducted herself should not be entitled to employment with the County or the Office of the Sheriff." He cited the County Code of Conduct in the Personnel Regulations, which states that "criminal, dishonest, immoral or disgraceful conduct" may subject an employee to disciplinary action, including (but not requiring) termination. Mr. Leidinger also cites Procedural Memorandum No. 137 on Policy and Procedure on Sexual Harassment, which prohibits conduct that creates an "offensive environment." He then states, "I am making this

---

[1] At oral argument, the County contended that Mr. Leidinger did *not* make a determination that the Commission's decision was inconsistent with written County policy. The Court does not accept that assertion at face value, as Mr. Leidinger could have conveyed that determination without intending to do so.

request [for reconsideration] because of a sincere belief that the return of Henty to the position of Deputy Sheriff is inconsistent with the evidence and the policy of this County." The Court finds that the letter was not a formal determination by Mr. Leidinger that the panel's decision was inconsistent with written policy (as he could have done) but was merely a list of bases for his request for reconsideration.[2]

In a related argument, Sheriff Peed contends that Ms. Henty's conduct was so egregious that allowing (much less requiring) her reinstatement violates public policy and written law. The Court disagrees. The Court finds that Sheriff Peed's termination of Ms. Henty as a result of her conduct was imminently reasonable and, in the Court's view, entirely appropriate. Her conduct was indeed so egregious as to justify firing her. But that is not the issue presented here. The Court cannot say as a matter of law and public policy that terminating her was the *only* acceptable punishment. The Court cannot hold that imposition of some lesser sanction as allowed under the grievance procedure violates public policy and law. When parties (as here) appoint a neutral body to decide a grievance and established procedures are followed, this Court should not substitute its judgment if the outcome is within the range of allowable sanctions. As understandably distasteful as Ms. Henty's reinstatement may be to Sheriff Peed, affirmation by this Court of a properly functioning grievance process is more important. The Court overrules this ground of the Plea in Bar.

As a second ground of his Plea in Bar, Sheriff Peed contends that his due process rights were violated in two ways: (1) he did not have input as to the composition of the grievance panel and (2) the Commission did not permit him oral argument during its reconsideration. The Court finds that Sheriff Peed's due process rights were not violated. He was not denied due process merely because he had no voice in the choice of panel members. Nor was he entitled to oral argument upon the Commission's reconsideration of its decision. The Court overrules this ground of the Plea in Bar.

Mr. Leidinger and Fairfax County demur on the grounds that they cannot reinstate Ms. Henty because they have no legal authority to control the activities of the Sheriff. The Court agrees. Authority to implement the decision of a grievance panel lies solely in the Circuit Court. Va. Code § 15.1-7.2(11); Fairfax County Personnel Regulation 17.12-5. The Court

---

[2] Because the issue is not before it, the Court makes no ruling on whether Mr. Leidinger could now formally determine that the Commission's decision was inconsistent with written policy.

sustains their Demurrer and orders that Mr. Leidinger and Fairfax County be dismissed from this action.