**Brendhan B. HARRIS, Plaintiff,**

v.

**The CITY OF VIRGINIA BEACH, VIRGINIA, et al., Defendants.**

Civil Action No. 2:93cv1151.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 29, 1996.

Charles Thomas Weigel, Jr., Clark & Stant, P.C., Virginia Beach, VA, Abram William VanderMeer, Jr., Clark & Stant, P.C., Virginia Beach, VA, for Brendhan B. Harris, plaintiff.

Charles Bernard Miller, Assistant City Attorney, Virginia Beach, VA, Richard Jay Beaver, Office of the City Attorney, Virginia Beach, VA, for City of Virginia Beach, VA, Lt. G.M. Van Auken, III, defendant, Capt. M.E. Beane, defendant, Capt. W.W. Baker, defendant, Maj. D.G. McCloud, defendant, Chief Charles R. Wall, individually and as Officers of the Department of Police, City of Virginia Beach, Virginia, defendant, Fagan D. Stackhouse, Individually and as the Director of the Department of Human Resources, City of Virginia Beach, Virginia, defendant, James K. Spore, individually and in his official capacity as City Manager of the City of Virginia Beach, Virginia.

## MEMORANDUM OPINION ORDER

JACKSON, District Judge.

### INTRODUCTION

This matter comes before the Court upon Plaintiff's motion to stay the mandate issued by the United States Court of Appeals for the Fourth Circuit and the City of Virginia Beach's motion to dismiss Count II of Plaintiff's complaint or, in the alternative, to order a new trial. Plaintiff filed its motion on February 9, 1996 seeking a stay of the mandate pending disposition of Plaintiff's petition for writ of certiorari to the United States Supreme Court. The City of Virginia Beach ("the City") filed its motion on February 20, 1996. In support of its position that the Court should dismiss Count II, the City argues that the law of the Commonwealth of Virginia provides that decisions of personnel boards are final and binding, and thus, a party may not challenge the decision in a court of law. In the alternative, the City argues that the Court should order a new trial because the City was unduly prejudiced in its defense of Count II during the trial. Both parties filed responsive briefs, and the Court held a hearing on March 21, 1996. These matters are now ripe for judicial determination.

For the reasons that follow, the Court **DENIES** Plaintiff's motion to stay the mandate. The Court also **DENIES** the City of Virginia Beach's motion to dismiss Count II of the complaint and the City's motion for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his complaint on November 23, 1993 and his first amended complaint on December 7, 1993 as a result of his termination as a police office for the City. The City terminated Plaintiff after he reported to a magistrate judge what he considered to be violations of law committed by one of his superior officers. Count I of the complaint sought relief pursuant to 42 U.S.C. § 1983 (1994) for an alleged violation of Plaintiff's right to free speech under the First Amendment of the United States Constitution. Count II of the complaint sought relief pursuant to the law of the Commonwealth of Virginia for allegedly wrongful discharge. The Court founded jurisdiction upon 28 U.S.C. §§ 1331, 1343(3), and 1343(4) (1994). The Court also exercised its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (1994) to hear Count II which was based upon state law.

The Court held a jury trial on July 19, 1994 through July 25, 1994. The jury returned a verdict for Plaintiff on both counts. On August 3, 1994, the Court entered an amended judgment for Plaintiff in the amounts of $41,712.00 for damages, $43,000.00 for backpay, $125,000.00 for loss of professional opportunity, $200,000.00 for punitive damages, and reasonable attorney's fees. The Court further ordered the City to immediately reinstate Plaintiff to the rank and position he held before his termination and to perform other specific acts which would restore Plaintiff to his pre-termination status.

The City filed a motion for a judgment as a matter of law on several issues on August 14, 1994. By order filed November 4, 1994, the Court held that the City was foreclosed from bringing the motion because it failed to make

such a motion at the close of all evidence. The Court did address, however, the City's challenges to the specific awards of damages because the City could not have raised this motion at the close of the evidence, i.e., prior to the jury's verdict. The Court vacated the award of punitive damages and reduced the award for loss of professional opportunity to $99,188.00. The City also filed a notice of appeal on August 24, 1994.

In an unpublished opinion, the United States Court of Appeals for the Fourth Circuit reversed this Court on Count I pursuant to 42 U.S.C. § 1983 (1994) and remanded the matter to this Court for further proceedings not inconsistent with its opinion. *Harris v. Virginia Beach,* 1995 WL 634593 (4th Cir. Oct. 30, 1995). On the Plaintiff's claim of wrongful discharge in violation of· state law, the Fourth Circuit reasoned as follows:

> According to the parties, the district court ruled that while personnel board decisions might ordinarily be binding and non reviewable, an exception exists for cases involving constitutional claims. The City argues that because the constitutional claim fell, the personnel grievance board decision necessarily becomes binding and non-justiciable. However, we have no record on appeal of any such ruling and are now presented with not only the issue of the application of *Zicca* [*v. City of Hampton,* 240 Va. 468, 397 S.E.2d 882 (Va.1990) ] and *Angle* [*v. Overton,* 365 S.E.2d 758 (Va. 1988) ] to this case, but also—for the first time—the validity of the state law claim where the accompanying constitutional claim has failed.
>
> We believe the more appropriate course of action is to allow the district court the initial opportunity to address these issues, now presented for the first time because of our ruling.

*Id.,* slip op. at 15. This Court received the judgment of the Fourth Circuit on December 7, 1995. Plaintiff filed his petition for writ of certiorari to the United States Supreme Court on February 23, 1996.

## II. DISCUSSION

### A. *Stay of the Mandate*

█ Plaintiff moves this Court to stay the mandate of the United States Court of Appeals for the Fourth Circuit that was issued on December 7, 1995. Plaintiff argues that the Court should grant the stay because he has filed a petition to the United States Supreme Court for a writ of certiorari. The City opposes this motion by arguing that 28 U.S.C. § 2101(f) (1994) provides the only authority to grant a stay and that courts unanimously have interpreted this statute as depriving a district court of the power to stay a mandate of its court of appeals.

Section 2101(f) of Title 28 of the United States Code provides the following:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by the judge of the court rendering the judgment or decree or by a justice of the Supreme Court. . . .

28 U.S.C. § 2101(f) (1994). On its face, this section confers authority in this instance only upon the Fourth Circuit and the Supreme Court. Rule 41(b) of the Rules of Appellate Procedure allows a party to make a motion to the Court of Appeals requesting a stay of mandate pending a petition to the United States Supreme Court for a writ of certiorari. Rule 23 of the Supreme Court Rules governs the application for stay by a Justice of the Supreme Court. Plaintiff did not move the Fourth Circuit for a stay of its mandate nor has he moved the Supreme Court for such relief.

On Count I of Plaintiff's complaint, the Court agrees that "[w]hile the issuance of the mandate places the case once again before this Court, the case is here for the sole and limited purpose of final entry of dismissal." *Hovater v. Equifax Servs., Inc.,* 669 F.Supp. 392, 393 (N.D.Ala.1987). · In the absence of case law in the Fourth Circuit to the contrary, the Court finds the following cases persuasive: *In re Stumes,* 681 F.2d 524 (8th Cir.1982); *Brinkman v. Department of Corrections,* 857 F.Supp. 775 (D.Kan.1994); *Ho-*

*vater v. Equifax Servs., Inc.,* 669 F.Supp. 392, 393 (N.D.Ala.1987); *Deretich v. St. Francis,* 650 F.Supp. 645 (D.Minn.1986). Accordingly, the Court holds that it is without authority to stay the mandate and thus **DENIES** Plaintiff's motion to stay the mandate.

**B.** *The State Wrongful Discharge Claim—Dismissal or a New Trial*

The City basically presents two arguments for dismissing Count II for wrongful discharge in violation of state law. First, the City argues that the decision of its personnel board is non-reviewable. Citing *Zicca v. City of Hampton,* 240 Va. 468, 397 S.E.2d 882 (1990), the City argues that the decision of a locality's state-authorized personnel board is final and binding on all parties. Then the City argues that resort to courts may only be had to implement the board's decision. *See Angle v. Overton,* 235 Va. 103, 365 S.E.2d 758 (1988). The City contends that Plaintiff merely disagrees with the decision of the personnel board and that the law of the state denies him further appeal to the courts. Furthermore, the City argues in its Reply Brief that if the Court finds that a party to a grievance procedure may challenge a decision on the basis of law and policy, the Fourth Circuit's determination on Count I eliminated that basis in this case.

Alternatively, the City argues that if the Court does not dismiss this claim, it must order a new trial because of the Court's instruction to the jury prior to counsels' opening statements. The Court instructed the jury that it had found "as a matter of law that the speech was protected and that this speech was a matter of public concern." (R. at 20.) During the hearing, counsel for the City elaborated upon this alternative by arguing that the City had been precluded from effectively defending Count II because of the Court's ruling on Count I which the Fourth Circuit reversed.

Plaintiff responds that a decision of the personnel board is final and binding only if it is consistent with law and policy. Implicit in Plaintiff's response is the argument that Count II was a challenge to whether the board's decision was consistent with law and policy and that such a challenge may be lodged in a court of competent jurisdiction. Plaintiff argues that the jury concluded that the decision was not consistent with law and policy; therefore, the verdict should stand.

**1. Review of a Personnel Board's Decision**

Section 2–133(e) of the Code of the City of Virginia Beach provides that the personnel board's decision regarding a dismissal "shall be final and binding and shall be consistent with law and written policy. The city manager or his designee shall ensure that the board's decision is consistent with written policy...." VIRGINIA BEACH, VA., CODE § 2–133(3) (1991). This provision tracks the language of VA.CODE ANN. § 2.1–114.5:1(D)(4)(d) (Michie Supp.1993), repealed in 1995. The new enactment of the code states that decisions are "final and binding *if* consistent with law and policy." VA.CODE ANN. § 2.1–116.07(C)(iii) (Michie 1995) (emphasis added). Plaintiff argues that the later version of the statute clarifies the state's intent concerning the finality of a personnel board's decisions.

In *Angle v. Overton,* the Supreme Court of Virginia considered whether the trial court erred by refusing to implement the decision of a personnel board that called for the restoration of the plaintiff to his former position. 365 S.E.2d 758. The defendant, however, in effect decided to ignore the board's decision. *Id.* at 758. The trial court reasoned that the decision was merely a recommendation and therefore not binding. *Id.* Citing VA.CODE ANN. §§ 2.1–114.5:1(D)(4), 5:1(F) (Michie 1987), the Supreme Court of Virginia held as follows: "Our reading of the panel's decision, in light of the statutory mandate that it is binding, leads us to the conclusion that it commanded ... [the defendant] to act." *Id.* at 759–60. The court explained its ruling in part by adding:

> Obviously, if [the defendant] ... were free either to accept or to reject the panel's decision, the decision would not be binding and the grievance procedure mandated by the General Assembly would be rendered impotent. We reject such a result.

*Id.* at 760. Similarly, in *Zicca v. City of Hampton,* the Supreme Court of Virginia

examined whether the defendant had complied with the personnel board's decision that the plaintiff should be reinstated to his former position. 240 Va. 468, 397 S.E.2d 882 (1990). Although the defendant stipulated that the plaintiff did not physically return to his place of employment and perform the duties of his previous position, the trial court held that the defendant technically had complied with the decision of the personnel board. *Id.* 397 S.E.2d at 883. In reversing the trial court, the Supreme Court of Virginia cited *Angle* for the proposition that "[t]he grievance panel's decision is binding on the City." *Id.* (citing *Angle*, 365 S.E.2d at 759–60).

■ This Court notes, however, that in neither of these two cases did the Supreme Court of Virginia address the question of whether a party may challenge in court a personnel board's decision on the basis that the decision was inconsistent with law and policy. The Fourth Circuit, however, has provided some guidance on the binding or preclusive effect of a personnel board's decision. In *Layne v. Campbell County Department of Social Services,* the Fourth Circuit held that a district court was precluded from reviewing the panel's *findings of fact.* 939 F.2d 217 (4th Cir.1991). In explaining that the panel's decision was final and binding on questions of fact, the Fourth Circuit intimated that the grievance procedure did allow for court review on questions of law. *See id.* at 221. The Fourth Circuit provided examples of instances in which a party may petition a court: determining grievability, selection of the third member of the panel to serve as chairman of the panel, and implementation of the decision. *Id.* & n. 14. (citing VA.CODE ANN. §§ 2.1–114.5:1(E), 5:1(D), 5:1(F) (Michie 1987) respectively, and the county's corresponding provisions). The Fourth Circuit continued to say that "[t]he panel's decision is final and binding, *but* it must be consistent with law and written policies." *Id.* at 221 (citing VA.CODE ANN. § 2.1–114.5:1(D) (Michie 1987) and the county's corresponding provision) (emphasis added). In rejecting the plaintiff's attempt to challenge the panel's decision in court, the Fourth Circuit noted that the plaintiff did not allege any errors of law. *Id.* Such is not the case presently

before this Court. The Court thus disagrees that state law precludes this claim as Defendant argues.

Defendant argues in its Reply Brief that "[t]he only 'law and policy' grounds upon which plaintiff's Count II can be based have been eliminated by the Court of Appeals decision." The Plaintiff, however, premises this claim upon at least three statutory sources. *Cf. Lawrence Chrysler Plymouth Corp. v. Brooks,* 251 Va. 94, 465 S.E.2d 806, 808 (1996) (affirming dismissal of plaintiff's claim because he was unable to identify any Virginia statute establishing a public policy that defendant had violated). First, section 2–129(a)(5) of the City's code provides that an allegation of retaliation for compliance with any law or reporting any violation of law is grievable. VIRGINIA BEACH, VA., CODE § 2–129(a)(5) (1991). The City argues that this code section merely provided Plaintiff with a right to grieve and he did so. However, Plaintiff argues that the grievability of acts of retaliation suggests an underlying public policy against retaliatory discharges. The City Manager testified that it is the official policy of the City and the Commonwealth of Virginia that employees shall not be terminated for reporting violations of law to any governmental official or agency. (R. at 507.) The evidence in this case also indicates that although VIRGINIA BEACH, VA., CODE § 2–133(3) (1991) requires the city manager or his designee to ensure that the decisions of the personnel board are consistent with law and written policy, the City did little or nothing to comply with this mandate. The Director of Human Resources, the city manager's designee in this instance, testified that he did not take any steps to investigate whether the decision was consistent with law and written policy "other than to look at it [the decision] and make sure what had transpired was according to procedures." (R. at 483.) He also testified that he did not consult the City Attorney's office or the Commonwealth Attorney's office concerning the consistency of the decision with law and written policy. (*Id.*)

Plaintiff's claim also rests upon an alleged violation of the City's written policy. The Disciplinary Procedures of the City's police

department provide that the disciplinary system "should be based upon *fairness* to the employee and the agency." (Pl.'s Ex. 39,[1] Commentary to Disciplinary Procedure ¶ 26.1.4) (emphasis added.) The jury also heard testimony from the City's Director of Human Resources and the City Manager that it is the policy of the City to treat its employees fairly. (R. at 481, 507.)

Defendant further argues that Plaintiff was an employee-at-will and could be terminated at any time, for any reason unless the termination fell within the *Bowman* exception to the employment-at-will doctrine of Virginia. *See Bowman v. State Bank,* 229 Va. 534, 331 S.E.2d 797 (1985). In *Miller v. SEVAMP, Inc.,* the Supreme Court of Virginia explained this exception as follows:

> Declining to follow sweeping adoption of such a cause of action in other jurisdictions, [namely, a generalized cause of action for the tort of retaliatory discharge,] *Bowman* recognized an exception to the employment-at-will doctrine limited to discharges which violate *public* policy, that is, policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general.

234 Va. 462, 362 S.E.2d 915, 918 (1987). In *SEVAMP,* the Supreme Court of Virginia affirmed the dismissal of a claim based upon retaliation for the plaintiff's exercise of rights provided in the personnel manual of her employer to file grievances and to testify freely before grievance panels. The Supreme Court of Virginia concluded that "such a retaliatory act would impinge only upon *private* rights established by the employer's internal regulations. It would have no impact upon any public policy established by existing laws for the protection of the public generally." *Id.* 362 S.E.2d at 919 (emphasis added).

In this case, Plaintiff alleges that he was terminated in retaliation for reporting to a magistrate judge the alleged criminal conduct of his superior officer. VA.CODE ANN. § 15.1–138 (Michie Supp.1994) provides in part as follows:

> [E]ach policeman shall endeavor to prevent the commission within the county, city or town of offenses against the law of the Commonwealth and against the ordinances and regulations of the county, city or town; shall observe and enforce all such laws, ordinances, and regulations; shall detect and arrest offenders against the same; shall preserve the good order of the county, city or town; and shall secure the inhabitants thereof from violence and the property therein from injury.

The Court took judicial notice of this statute and instructed the jury that although "the term 'shall' in the language above has been used[,] it has been interpreted to be 'permissive.'" (Jury Instr. 17.) Taking this statute together with the section defining acts of retaliation as grievable, the Court further instructed the jury as a matter of law that it is the public policy of the Commonwealth of Virginia and City of Virginia Beach that no public employee be retaliated against for reporting any violation of law to any governmental body. (Jury Instr. 21.) Relying upon VA.CODE ANN. § 15.1–138, the Court also instructed the jury that a police officer has the legal duty to observe and enforce the laws of the Commonwealth and ordinances of the City and to detect and arrest or cause the arrest of those who may have violated those laws and ordinances. (*Id.*) Finally, the Court instructed the jury as follows: "Thus, if you find by a preponderance of the evidence that Mr. Harris was terminated in retaliation for reporting alleged criminal misconduct of Lt. VanAuken to the magistrate, you must enter your verdict on Count II in favor of Mr. Harris." (*Id.*) Following the reasoning of *SEVAMP,* the Court recognizes that every challenge to a discharge concerns a private right, i.e. an individual's employment. However, in this instance, this challenge implicates a "public policy, that is, policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." The "people in general" have a supreme interest in having its police officers comply with section 15.1–138. Based upon the evidence presented and the Court's in-

1. The Court admitted this exhibit for identification purposes only.

structions, the jury found in this instance that Plaintiff's termination was retaliatory and in violation of the public policy of the Commonwealth of Virginia and the City of Virginia Beach.

## 2. The Relevance of the Fourth Circuit's Ruling on Count I to this Court's Disposition of Count II

■ Although the Fourth Circuit ruled that Plaintiff's speech was a not a "matter of public concern" as a matter of law and thus not protected under the First Amendment, the Court properly presented Count II to the jury. In reviewing the threshold issue of whether Plaintiff's speech, as alleged in Count I, was a matter of public concern, the Fourth Circuit ruled upon a question of law governed by the First Amendment and 42 U.S.C. § 1983 (1994). On Count II, on the other hand, the jury resolved questions of fact: under state law, did Plaintiff prove by a preponderance of the evidence a claim for retaliatory discharge which fell within the *Bowman* exception. As the Court explains further in the next section, which discusses the City's motion for a new trial, the determination of whether as a matter of law Plaintiff's speech was a matter of public concern under First Amendment jurisprudence does not negate the jury's finding on Count II. Although the two claims facially may have presented some of the same factual contentions, the jury was required to make two separate findings based upon two separate sets of instructions. Upon reexamination of Count II, the Court finds that the Fourth Circuit's determination on Count I does not require dismissal of Count II.

The Court has considered both of the City's arguments for dismissing Count II and finds them unpersuasive. Accordingly, the Court **DENIES** the City's motion to dismiss Count II.

### 3. A New Trial

■ Defendant contends that even if the Court does not dismiss Count II, the Court must order a new trial because the Court instructed the jury, before counsels' opening statements, that as a matter of law, Plain-

tiff's speech was protected and was a matter of public concern. (Def.'s Br. at 2, n. 1) (citing R. at 20.) In its Reply Brief, the City also argues that the Court erred in restricting its examination of one of the witnesses. (Def.'s Reply Br. at 2, n. 2.) Under Rule 59 of the Federal Rules of Civil Procedure,[2] "a trial judge may weigh the evidence and consider the credibility of the witnesses, and if he finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, he must set aside the verdict, even if supported by substantial evidence and grant a new trial." *Poynter v. Ratcliff*, 874 F.2d 219, 223 (4th Cir.1989) (citing *Wyatt v. Interstate & Ocean Transp. Co.*, 623 F.2d 888, 891 (4th Cir.1980)). A ruling on a motion for a new trial rests within the sound discretion of the trial judge. *Id.* (citations omitted).

■ In its brief, the City points to the preliminary instructions as the basis for its motion for a new trial. In considering the City's motion, the Court notes that it did not give this preliminary instruction in isolation. The full record reflects the following:

[T]he plaintiff, Mr. Brendhan Harris, ... has brought two claims in this case, a claim under the constitution, a constitutional claim, and he has brought a claim under state law....

In order to recover on his claim that he was improperly terminated in violation of his First Amendment rights, that is his first claim, constitutional claim, he will have to establish certain elements of fact. Certainly the court will state to you it would have to be established in this case that he was engaged in protected speech, that that speech was a matter of public concern, that he was fired because he was engaged in protected speech, that his free speech outweighed the efficient police service to the public, and that he was damaged as a results of those actions.

Now, I will tell you, ladies and gentlemen, that the court has already ... [determined] as a matter of law that the speech was protected and that this speech was a

---

**2.** The City does not rely upon Rule 59, but the Court finds that Rule 59 provides the appropriate

standard for the disposition of the City's motion for a new trial.

matter of public concern. Your focus in the end would be to determine whether he was fired because of this protected speech and whether he was damaged as a result of this protected speech.

With respect to his state claim, you will have to determine whether, number one, he was discharged from his employment. Number two, whether he was discharged in violation of the public policy of the Commonwealth of Virginia or the City of Virginia Beach, and finally, whether the discharge or termination proximately caused the damages he claimed to have suffered in this particular case.

(R. at 19–20.) At the outset, the Court instructed the jury that Plaintiff had two claims and instructed the jury that Plaintiff had to establish different facts or elements to prevail on each claim. After closing arguments, the Court also separately instructed the jury on each count. The Court will not assume that the jury ignored its instructions regarding Count II, a claim under state law, and applied the law that the Court instructed the jury to apply to Count I. On Count II, the Court provided the jury with the public policies that require the City to treat its employees fairly and to not discharge in retaliation its employees for reporting violations of law. The jury had to determine whether the discharge resulted from Plaintiff reporting his superior officer's alleged misconduct and whether the discharge violated the public policies as articulated by the Court. These determinations did not require the jury to consider whether Plaintiff's speech was "protected" under the First Amendment or whether the speech was "a matter of public concern" under the First Amendment. Thus, the Court finds that this preliminary instruction is not a basis for ordering a new trial.

In oral argument, counsel for the City intimated that the Court had restricted it in the examination of at least one witness because the Court had determined that the area that counsel sought to probe applied to its ruling on Count I, i.e., whether Plaintiff's speech was a matter of public concern and thus protected. Counsel thus argued in the hearing on March 21, 1996 that the Court prevented the City from defending itself at the trial in 1994 on Count II. In its Reply Brief, the City also argues that the Court precluded the City from arguing that Plaintiff was disciplined for conduct, not speech. (Def.'s Reply Br. at 2, n. 2) (citing R. at 300–01.) This argument about the Court limiting the City's defense of Count II is similarly unpersuasive. An examination of the record indicates that at no time during trial did the City indicate to the Court that the testimony it sought to elicit in that instance was relevant to Count II. (*See* R. at 299–304.) Furthermore, the jury did not need to make a distinction between conduct and speech in order to render a verdict on Count II. The jury simply needed to determine whether the discharge violated public policy, as this opinion explains above.

The Court does not find any of the conditions for a new trial pursuant to Rule 59 of the Rules of Federal Civil Procedure to be present in this case. The City does not present the Court with any other basis for ordering a new trial. Accordingly, the Court **DENIES** Defendant's motion for a new trial.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to stay the mandate. In compliance with the mandate, the Court **VACATES** the judgment entered on Count I and **DISMISSES** Count I. Furthermore, the Court **DENIES** Defendant's motion to dismiss Count II and its motion for a new trial. Judgment in favor Plaintiff on Count II remains as previously entered by this Court as follows:

1. $99,188.00 for loss of professional opportunity, amended judgment of November 4, 1994,

2. $43,000.00 for backpay, Amended Judgment of August 3, 1994, and

3. reinstatement, including the conditions set forth in the Amended Judgment of August 3, 1994.

The Clerk is **DIRECTED** to send a copy of this order to counsel for Plaintiff and counsel for Defendants.

It is so **ORDERED**.