544

# CIRCUIT COURT OF LOUDOUN COUNTY

Christine Gustafson

v.

Virginia Department
of Health

September 21, 1999

Case No. (Chancery) 19101

BY JUDGE JEAN HARRISON CLEMENTS

This cause came before the Court on August 27, 1999, upon the Bill of Complaint of Dr. Christine Gustafson filed on April 1, 1999, against the Virginia Department of Health seeking an order requiring implementation of the decision of a Hearing Officer pursuant to Virginia Code § 2.1-116.07 in a state employee grievance matter. Petitioner prays for reinstatement to her former position effective July 13, 1998; full back pay and accompanying benefits from July 13, 1998; an order prohibiting further retaliatory conduct; and costs and attorney's fees. The case was before the Court on August 27, 1999, for trial. However, on August 23, 1999, Respondent filed a Motion for Summary Judgment followed by Petitioner's opposition and Cross-Motion for Summary Judgment and Attorney's Fees. It was agreed that certain facts would be stipulated and agreed for purposes of the Motions.

*Material Facts Not in Dispute*

Petitioner was employed as a physician by Respondent in the Loudoun County Health District. On July 13, 1998, Petitioner was given a Group III Termination Notice by Dr. Diane R. Helentjaris, Respondent's agent. Petitioner filed a grievance and a hearing was held on October 19 and 21, 1998. The Hearing Officer issued a written decision dated November 20, 1998. (Petitioner's Exhibit A.) Petitioner was ordered reinstated to her former

position, effective July 13, 1998, and awarded full back pay effective to July 13, 1998. Petitioner was ordered to be suspended for ten workdays, without pay. Respondent filed a challenge with the Department of Personnel and Training. The Hearing Officer's decision was affirmed by an opinion issued December 22, 1998.

Petitioner was directed to return to work on January 7, 1999, and Petitioner did so. Petitioner was served at that time with five disciplinary charges, placed on "predisciplinary action leave," barred from the site, and subsequently terminated effective January 12, 1999. Petitioner has filed a grievance of this action.

Respondent claims to have reinstated Petitioner effective July 14, 1998.

On March 1, 1999, Petitioner was paid $15,505.12. On April 1, 1999, Respondent refused to pay Petitioner back pay for the period July 13, 1998, through September 9, 1998. The remainder of the net pay for the period, totalling $9,5553.30, was paid by Respondent on or about July 16, 1999.

The parties also stipulated from the Department of Personnel and Training Policies and Procedures Manual, Standards of Conduct, pages 12-13, paragraph E.4; Exception to advance notification requirement, page 18, b; Interim earnings, page 4, IV; Removals Due to Circumstances Which Prevent Employees from Performing Their Jobs, A; Inability to meet working conditions, 3; loss of license or certification required for the job; and Annotations, page 2a, Procedures Related to Disciplinary Suspension, Demotion, Transfer, or Termination (Due Process).

The issue before the Court is whether Petitioner was "reinstated" to her former position under these facts. Counsel have cited four cases which are argued to be applicable: by Petitioner: *Angle v. Overton*, 235 Va. 103, 365 S.E.2d 758 (1988), and *Zicca v. City of Hampton*, 240 Va. 468, 397 S.E.2d 882 (1990); and by Respondent: *Department of Taxation v. Hogan*, 11 Va. App. 306 (1990), and *Bernthal v. Commonwealth*, Circuit Court of Greensville County (No. 99-4126).

In the *Angle* case, *supra*, the Court was called upon to decide whether the decision of the "hearing officer" was discretionary or mandatory. The Sheriff had determined it to be discretionary only and left Angle in a position to which he had been demoted. The Circuit Court affirmed. The Supreme Court, however, reversed, ruling the decision of the "hearing officer" was mandatory. In the case at bar, both parties agree that the Hearing Officer's decision was binding. There is no issue here of demotion. *Angle, supra*, is not applicable here.

Roy Zicca, golf course superintendent for the City of Hampton, was dismissed. The "hearing officer" reinstated him. When he returned to work, he

was temporarily assigned at the same salary and was later transferred to a new position. The Supreme Court refused to conclude that Zicca was reinstated for one day and then reassigned, referring to the City's action as a "subterfuge" to circumvent the binding decision of the "hearing officer." To the extent *Zicca, supra*, involves a "reassignment," it too is not relevant.

Brian Hogan was dismissed as an employee by the Department of Taxation. The "hearing officer" directed the he be reinstated. It then made a non-binding recommendation that he be demoted. The Department reinstated Hogan at a lesser position. Hogan did not file a new or separate grievance but petitioned the Circuit Court to interpret the Department's action and reinstate him to his former position. The Court construed the Petition as an initiation of a grievance over the demotion, and the Supreme Court reversed.

The *Bernthal* case, *supra*, may have similar facts to the case at bar but is of no precedential value to the relief requested herein.

This case smacks somewhat of *Zicca, supra*, and somewhat of *Hogan, supra*. Petitioner here argues that she was ordered back to work, returned on January 7, 1999, was not permitted to resume her employment, was immediately served with "Predisciplinary action leave" notice, was barred from the site, and was terminated on January 12, 1999, and that this was a "subterfuge" by the Respondent and not a reinstatement. Petitioner has filed a grievance of the "Predisciplinary action leave" notice and the termination on January 12, 1999.

Respondent argues that Petitioner was reinstated and that she was terminated on January 12, 1999, for reasons recited in writing on January 7, 1999, and that Petitioner has availed herself of her appropriate remedy by filing a further grievance to its actions.

The Court does not know the facts of the January 7, 1999, Notice. They were not stipulated. The sufficiency of those facts, however, is initially within the jurisdiction of the Hearing Officer following the Petitioner's grievance. It does appear to the Court, however, from the stipulations, that Petitioner was "reinstated," *Black's Law Dictionary*, 4th ed., to the position from which she had been removed, from January 7 through January 12, 1999.

Therefore, the Motion for Summary Judgment of Respondent is granted and the Motion for Summary Judgment of Petitioner is denied.

The issue of Petitioner's attorney's fees remains, however, because Petitioner was not paid without resort to the services of counsel and the filing of this suit. If this issue cannot be resolved for agreement, it may be further scheduled.