# CIRCUIT COURT OF THE CITY OF RICHMOND

Kenneth Coleman

v.

City of Richmond

April 25, 2001

Case No. LL-2829

BY JUDGE MELVIN R. HUGHES, JR.

This matter is before the court on Kenneth Coleman's Motion to Determine Appealability. According to the motion, Coleman was a City of Richmond Police Officer, who was terminated by the Chief of Police. As part of an employee grievance, Coleman appealed the termination to the City of Richmond Personnel Board. The Board upheld Mr. Coleman's discharge. It is from that ruling that Coleman appeals. The Notice of Appeal states that the appeal is taken pursuant to Va. Code § 15.2-1506 *et seq.* and Va. Code § 2.1-116.07:1.

Va. Code § 15.2-1506 *et seq.* governs the establishment by localities of grievance procedures for their employees. It sets forth certain components that a locality's grievance procedure must contain. Va. Code § 2.1-116.01 *et seq.* governs the establishment by the Commonwealth of grievance procedures for state employees and § 2.1-116.07:1(B) specifically states, "Within thirty days of a final decision, a party may appeal on the grounds that the determination is contradictory to law by filing a notice of appeal with the clerk of the circuit court in the jurisdiction in which the grievance arose." Va. Code §§ 15.2-1506 and 15.2-1507 do not contain a similar provision.

Coleman argues that when read together these statutes mandate that the grievance procedure for localities must be in compliance with the Commonwealth's grievance procedure; therefore, employees of localities have a right to appeal to the circuit court from final decisions in the grievance process by virtue of § 2.1-116.07:1(B).

The court disagrees. The Code of Virginia does not provide for an appeal to the circuit court by city employees of final decisions of this type. First, *Zicca v. City of Hampton*, 240 Va. 468 (1990), relied upon by Coleman, was decided prior to enactment of the current statute. At the time *Zicca* was decided, § 15.1-7.2(A) required that local grievance procedures, without exception, be consistent with state grievance procedures. The statute now reads:

> If a local governing body fails to adopt a grievance procedure required by § 15.2-1506 or fails to certify it as provided in this section, the local governing body shall be deemed to have adopted a grievance procedure which is consistent with the provisions of Chapter 10.01 (§ 2.1-116.01 *et seq.*) of Title 2.1 and any regulations adopted pursuant thereto for so long as the locality remains in noncompliance.

Va. Code § 15.2-1507 (Michie Supp. 2000).

The City of Richmond has properly adopted a grievance procedure; therefore, as is evident from a plain reading of the statute, there is no requirement that its grievance procedures mirror the Commonwealth's grievance procedures.

Further, a reading of the statute in its entirety suggests the Virginia General Assembly did not intend for grievants utilizing the local grievance process to be able to appeal final decisions to the circuit court. The statute specifically allows grievants to challenge in the circuit court a determination that a matter is not grievable. *See* § 15.2-1507(A)(9)(a). Likewise, procedural compliance determinations are subject to the review of the circuit court. *See* § 15.2-1507(A)(7)(b). Perhaps most telling, however, is that the statute specifically allows for circuit court review of "a final panel decision rendered under the provisions of this section which would result in the reinstatement of any employee of a sheriff's office, who has been terminated for cause." § 15.2-1507(A)(7)(b). The fact that the General Assembly provided for judicial review by the circuit court in certain very specific instances, in connection with the absence of express statutory language allowing for appeals to be taken from every final panel decision, suggests that such appeals are not allowed.

Because § 15.2-1506 *et seq.* does not expressly allow appeals of final decisions and because there is no requirement that local grievance procedures must be identical to state procedures, the court finds that Mr. Coleman does

not have a right to appeal the decision of the City of Richmond Personnel Board to this court.