# Edward W. Murray, Etc.

## v.

# Garland K. Stokes

Record No. 870304

April 21, 1989

Present: All the Justices

*Richard F. Gorman, III, Assistant Attorney General (Mary Sue Terry, Attorney General; Stephen D. Rosenthal, Deputy Attorney General*, on briefs), for appellant.

*Patrick M. McSweeney (David Wm. Patton; McSweeney, Burtch & Crump*, on brief), for appellee.

LACY, J., delivered the opinion of the Court.

In this appeal we consider a state personnel policy interpretation made by the Director of the Department of Personnel and Training. On January 3, 1984, Garland K. Stokes accepted employment with the Department of Corrections as a special investigator. Stokes worked forty hours a week, and was paid on an hourly basis. The position was classified as a temporary position.

In May 1986, Stokes, still employed with the Department of Corrections, filed a bill of complaint against the Director of the Department, Edward W. Murray, seeking a declaratory judgment, damages, and injunctive relief. Stokes alleged that under the rules promulgated by the Department of Personnel and Training for the administration of the Virginia Personnel Act (Act), Murray was required to offer him a permanent full-time position as a special investigator.

Rule 8 of the Rules for the Administration of the Virginia Personnel Act relates to employee compensation. Subsection (d) of Rule 8.3, Interpretation and Effect of the Scales of Pay, states in pertinent part:

No person regularly employed on a continuing basis shall be paid at an hourly or per diem rate for longer than twelve months without being offered a salaried appointment unless the hourly employment is less than full-time or the employee waives, in writing, appointment to a salaried position.

Stokes argued he was entitled to a salaried position as a special investigator based on the undisputed facts that he was paid on an hourly basis, was continually employed in excess of twelve months, had not executed a written waiver of appointment, and worked on a full-time basis.

Murray responded that Rule 8.3(d) neither authorized nor required the Department to offer Stokes full-time permanent employment. Relying on the interpretation of the Rule issued by the Director of Personnel and Training, Murray asserted that the Rule only restricts the right of state agencies to pay hourly employees for more than twelve months. Furthermore, Murray argued that the interpretation advocated by Stokes conflicted with the state policy expressed in the Act which requires selection for salaried positions based on merit and fitness through competitive rating of qualifications. Finally, Murray contended that the interpretation of Rule 8.3(d) by the Director of Personnel and Training was final and was not subject to judicial review.

Following a hearing, the trial court entered judgment for Stokes and ordered Murray to offer Stokes a salaried appointment as a special investigator, in compliance with Rule 8.3(d). The trial court subsequently denied Murray's motion for a stay pending his appeal.

We will consider first whether the Director of Personnel and Training's interpretation of Rule 8.3(d) was subject to further review. If not, the circuit court was without jurisdiction to entertain the bill of complaint. Murray asserts that Code § 2.1-114.5:6(7) demonstrates legislative intent to preclude judicial review of the director's interpretations. That section states in pertinent part:

Moreover, the Director of Personnel and Training is the final authority in establishing and interpreting all other personnel

practices and policies affecting state employees, and has the authority to assure full compliance with such policies.

Stokes counters that the phrase "final authority" refers merely to the ultimate authority in the Executive Branch and is not equivalent to the General Assembly affirmatively denying judicial review.

The standard of review we must apply is whether, in light of the entire legislative scheme, the General Assembly clearly intended to preclude judicial review in this instance. *Morris v. Gressette*, 432 U.S. 491 (1977).

The General Assembly enacted the Virginia Personnel Act, Va. Code §§ 2.1-110 *et seq.*, establishing the procedures and policies applicable to employment with the Commonwealth. The Act creates a Department of Personnel and Training and requires the Governor to appoint a director. The director has the general authority to administer the Act and has various specific responsibilities assigned to him by statute or delegated to him by the Governor. Code § 2.1-113.

This comprehensive legislation includes procedures for hiring, promoting, compensating, discharging, and training state employees. It also provides for a grievance procedure. The Act balances the need for orderly administration of state employment and personnel practices with the preservation of the employee's ability to protect his rights and pursue legitimate grievances. These dual goals reflect a valid governmental interest in and responsibility to its employees and the workplace. Administering an orderly personnel scheme requires the ability to promulgate, interpret, and apply rules in a consistent manner. Addressing this need for consistency, Code § 2.1-114.5:6(7) vests in one person the ultimate responsibility for promulgating and interpreting certain personnel policies such as the compensation policy at issue here.

While the Department is required to establish rules and procedures relating to disciplinary actions, the General Assembly removed the director from the administration of or involvement in the grievance procedure. Matters concerning that procedure are the responsibility of the Director of Employee Relations Counselors, who is also appointed by the Governor. Code § 2.1-114.5:6(7) also serves to clarify the limits of authority and responsibility of the Director of Personnel and Training and the Director of Em-

ployee Relations Counselors in the potentially overlapping areas of personnel discipline and grievances.

■ We conclude therefore, that the "final authority" language in Code § 2.1-114.5:6(7) also supports and is consistent with a legislative intent shown throughout the Act to preclude judicial review in certain areas. The Act is replete with instances where the General Assembly carefully identified circumstances in which judicial review is available. It authorized review by the circuit court in terminations of certain personnel on the grounds of a criminal conviction, appointment of a third panel member in certain cases of disagreement, decisions concerning grievability of issues and implementation of a decision of a grievance panel. Code §§ 2.1-114.5:1(C), (D)(4), (E), (F).

■ Finally, Code § 2.1-114.5:6(7) itself refers to the availability of review, including judicial review, of certain determinations made by the Director of Employee Relations Counselors regarding grievability issues. This consistent identification of the circumstances in which judicial review is available leads to the conclusion that the General Assembly intended to preclude judicial review in all other circumstances regarding personnel matters.

Thus we hold that judicial review of the interpretation of a personnel policy regarding employee compensation by the Director of the Department of Personnel and Training is precluded under the Virginia Personnel Act. Therefore, the trial court had no jurisdiction to entertain a bill of complaint seeking review of the interpretation of Rule 8.3(d) of the Department of Personnel and Training's Rules by the Director of that Department.

Based on the foregoing, it is unnecessary for us to consider Murray's second assignment of error. We will reverse the judgment of the trial court and dismiss the case.

*Reversed and dismissed.*