## CIRCUIT COURT OF AMHERST COUNTY

Harold Clark et al.

v.

Ryan C. Yeatts et al.

June 1, 1993

Case No. (Law) 4178

BY JUDGE J. MICHAEL GAMBLE

I am writing this opinion letter to rule on the Motion to Dismiss of the Defendants. This is an action brought by thirteen employees of the Central Virginia Training Center for damages arising from their employment classification with the State of Virginia. The Defendants are various officials with the Department of Personnel and Training and the Department of Mental Health and Retardation, and the Secretary of Health and Human Resources. The Defendants have filed a Motion to Dismiss on the grounds that the Code of Virginia does not allow judicial review of issues involving classification of state employees under the circumstances of this case.

Thus, the primary issue to be addressed by this Court in the Motion to Dismiss is whether the Virginia Personnel Act (§ 2.1-110 *et seq.* of the Code of Virginia) denies judicial review of personnel issues. In the Motion for Judgment, the Plaintiffs allege that until March 1, 1990, they were classified for purposes of compensation in the Purchase and Stores Series. After that date, they were reclassified to the Warehouse Series with compensation and benefits being paid from March 1, 1990. The Plaintiffs allege that their classification in the Purchase and Stores Series prior to March 1, 1990, was incorrect under the applicable guidelines for classification and that they were damaged by the loss in pay by being incorrectly classified. The Plaintiffs now seek compensation for the difference in pay they would have received had they [not] been placed in the Purchase and Stores Series prior to March 1, 1990.

In their Motion to Dismiss this action, the Defendants maintain that only the Director of the Department of Personnel and Training has the

final authority under the Code of Virginia to establish the personnel classifications and interpret such classifications. *See* § 2.1-114.5(13) of the Code of Virginia (1950), as amended. The Defendants further point out that Rule 5 of the Rules for the Administration of the Virginia Personnel Act reserves unto the Director of the Department of Personnel and Training the sole authority to establish classifications for State Employees and to reallocate positions within those classifications. The Defendants also noted that Rule 5 affords only the agency affected the opportunity to be heard concerning any allocation or reallocation to a position, and not the individual employee.

In *Murray v. Stokes*, 237 Va. 653, 657, 378 S.E.2d 834 (1989), the Supreme Court of Virginia interpreted the Virginia Personnel Act. In *Murray*, the Court held that it is the legislative intent to preclude judicial review unless the legislature clearly identifies the circumstance in which review is available. No provisions of the Virginia Personnel Act, which this Court can find, allows judicial review of the classifications established by the Director of Personnel and Training.

In a similar case, the Supreme Court of Virginia interpreted the Environmental Quality Act. In *Murray v. Green*, 240 Va. 204, 207, 396 S.E.2d 653 (1990), the Supreme Court of Virginia again concluded that the General Assembly intended to preclude judicial review under the Environmental Quality Act when it does not specifically state that such review is available.

Thus it is clear that because the Virginia Personnel Act does not grant judicial review of the classification of employees by the Director of the Department of Personnel and Training, the Court has no authority to review the decision of the Director of Personnel and Training with respect to the classification of the employees in the instant case. Accordingly, the Motion for Judgment must be dismissed.