# CIRCUIT COURT OF FREDERICK COUNTY

John S. Bryant

v.

Frederick County

November 23, 1994

Case No. (Chancery) 94-309

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on November 22, 1994, on the plaintiff's appeal of a determination of non-grievability of an employment related dispute between him and his employer, the Frederick County Sheriff, pursuant to Virginia Code § 15.1-7.2. The petitioner was represented by Jesse J. Richardson, Jr., Esquire, and Frederick County was represented by Glenn R. Williamson, Esquire. Upon consideration of the record of this case and the argument of counsel, the Court has made the following decision to dismiss the appeal.

## I. *Statement of Material Facts*

The following facts are established in the record in this case.

On September 15, 1993, John Bryant was employed by the Frederick County Sheriff's Department as a road deputy. As a condition of his employment, he was subject to a one year period of probation before he was hired as a permanent employee.

On August 15, 1994, Bryant detained and subsequently arrested Mr. Antonio Capone. As a result of Capone's arrest, criminal charges were filed against Bryant. The Frederick County Sheriff, Robert Williamson, investigated the facts surrounding Bryant's arrest of Capone, and on August 18, 1994, John Bryant was terminated from his employment by the Sheriff.

On September 8, 1994, John Riley, Frederick County Administrator, confirmed the decision of the Frederick County Sheriff, after having a predetermination hearing on September 7, 1994.

In September 1994, Bryant was notified of his grievance rights, and the parties proceeded to select a grievance panel, the grievance panel was selected, and a grievance hearing was set for October 26, 1994.

By letter dated October 21, 1994, John Riley advised Bryant's counsel that Bryant's termination of employment was not grievable, because Bryant was under probation as a new employee at the time of his termination, and the grievance panel was dismissed. Neither Bryant nor Frederick County had formally requested a determination of the issue of grievability of Bryant's complaint.

Frederick County Employee Handbook, § 6.2, provides that:

> The probation period shall be six calendar months for county employees and twelve calendar months for law enforcement and correctional officers following an original employment, re-employment, reinstatement, promotion, or transfer between departments within the county.

Frederick County Employee Handbook, § 12.1.C, provides that "All regular County personnel, *excluding probationary employees*, are eligible to file grievances as provided in this section . . . ."

## II. *Conclusions of Law*

Decisions concerning the grievability of issues between a county employee and the county are subject to judicial review. Virginia Code § 15.1-7.2(9)(a); *Murray v. Stokes*, 237 Va. 653, 657, 378 S.E.2d 834 (1989) (state grievance procedure); and *cf. Angle v. Overton*, 235 Va. 103, 365 S.E.2d 758 (1988) (sheriff's deputy had been demoted and brought a grievance under the county employee grievance procedures).

As the United States District Court noted in *Jenkins v. Weatherholtz*, 719 F. Supp. 468 (W.D. Va. 1989):

> Virginia is in the minority of states, if it is not unique, in that the county sheriffs are independent constitutional officers. See Va. Const., Art. VII, § 4; *Hilton v. Amburgey*, 198 Va. 727, 729, 96 S.E.2d 151 (1957). Sheriffs' deputies, by state statute, serve at the will of the sheriff and may be removed by him at any time. Code of Va. § 15.1-48. In light of this, federal courts have routinely, and unanimously, held that sheriffs' deputies in Virginia

have no property interest in their continued employment as deputies and consequently no right to a due process hearing before demotion or dismissal. [Cites omitted.]

There is no statutory or legal requirement that probationary sheriff's deputies are entitled to a grievance hearing.

In this case, the Sheriff has voluntarily consented to have his employees governed by the County's personnel policy, and sections 6.2 and 12.1.C of the Frederick County Personnel Handbook are clear and unambiguous. Probationary employees of the Sheriff's Department are not entitled to the file grievances arising from their discharge from employment. John Bryant was on probation at the time of his discharge by the sheriff on August 18, 1994, therefore, his discharge is not a grievable issue.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that Plaintiff's appeal is dismissed, with prejudice.