Present:  All the Justices

COMMONWEALTH OF VIRGINIA,
DEPARTMENT OF ENVIRONMENTAL
QUALITY

                              OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 972436                September 18, 1998

STEVEN B. WRIGHT

              FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                    G. O. Clemens, Judge Designate

     In conjunction with the Virginia Personnel Act, Code

§§ 2.1-110 et seq., the General Assembly has established a

system for handling state employee complaints arising in the

workplace.  § 2.1-116.05.  See Murray v. Stokes, 237 Va. 653,

656-57, 378 S.E.2d 834, 836 (1989).  Among other options,

employees may bring their concerns to upper management through a

formal grievance procedure.  § 2.1-116.05(B).

     As relevant to this dispute, the grievance process

generally permits an employee, first, to present a complaint to

the employee's immediate supervisor by filing a written

grievance on a specified form.  Id. at (D).  The head of the

agency for which the employee works must determine whether the

grievance qualifies for a hearing.  § 2.1-116.06(D).  If the

agency head rules the grievance does not qualify for a hearing,

the employee may request the Director of the Department of

Employee Relations Counselors (DERC), who has statutory

authority to establish the grievance procedure, § 2.1-116.03(3),

to qualify the grievance for a hearing. § 2.1-116.06(D). The Director of DERC may refer issues arising from the complaint to a hearing officer for adjudication. § 2.1-116.07.

The next step in this process generates the issue in this appeal. Code § 2.1-116.07(D) provides that, after the hearing officer's decision, "[e]ither party may petition the circuit court having jurisdiction in the locality in which the employee is employed for an order requiring implementation of the hearing officer's decision." The statute also provides for an award of attorney's fees to either party. Here, we consider whether the circuit court exceeded its statutory jurisdiction in awarding certain relief to an employee.

The facts are not disputed. Appellee Steven B. Wright is an employee of the Department of Environmental Quality (DEQ), an agency of the Commonwealth of Virginia. In May 1995, he was employed as a Waste Management Supervisor in DEQ's regional office in Roanoke. In connection with a "restructuring" of DEQ that commenced in 1994 and was finally implemented in May 1995, the employee was transferred to a position labeled "Environmental Engineer."

Objecting to the transfer, the employee initiated a grievance under the state grievance procedure. On the grievance form, the employee claimed his transfer was disciplinary and retaliatory, as well as a misapplication of personnel policies,

procedures, rules, or regulations. The agency head determined the grievance was not grievable under the Act.

The employee appealed to the Director of DERC, who ruled that only one issue the employee raised qualified for a hearing, that is, whether the employee's "reassignment and reclassification was disciplinary."

Following a May 1996 hearing, a hearing officer rendered a written opinion dated June 14, 1996. He found that the supervisory job "was taken from Mr. Wright in order to create a position for a headquarters transfer." The hearing officer noted that, "[a]t the time of transfer," a DEQ employee "from the Richmond office" had "threatened Mr. Wright with a layoff unless he took the new position of Environmental Engineer, which position apparently does not have management or supervisory responsibilities." The hearing officer, finding the employee "very well qualified for the job which he had previously held," determined that "the job created for Mr. Wright at the time of his transfer . . . was a new job in the department for which there was no job description or duties assigned at the time of the transfer and in fact, there was no similar job in any other region of the state."

The hearing officer concluded "that the basis of Mr. Wright's having been removed as the Waste Management Supervisor was the result of the arbitrary action of" the Richmond DEQ

3

employee, and that "the Department then provided Mr. Wright's Supervisor's job to headquarters' people whose jobs were being abolished as the result of the Department downsizing." The hearing officer recommended "that Mr. Wright be reinstated as the Waste Management Supervisor because of the arbitrary action of [the DEQ employee], which was not related to discipline problems."

In a letter to the hearing officer dated June 21, 1996, Phyllis C. Katz, the Director of DERC, asked for "a clarification of your decision," asserting the decision "is ambiguous" on the issue "whether the grievant's reassignment and reclassification was disciplinary." Elaborating, Katz explained:

> "If you found that the reassignment was disciplinary and such discipline was unwarranted, then you may order the agency to assign the grievant his former duties, and the agency must implement that decision. If, on the other hand, you found that the grievant's reassignment was not disciplinary, then you cannot order the agency to take certain action. However, you may, based on collateral findings of fact, recommend that the agency assign the grievant his former duties, but the agency would not be obligated to follow your recommendation."

In a letter to Katz dated June 24, 1996, the hearing officer responded he had concluded that the employee's transfer "was not the result of disciplinary action" by the DEQ, and "was not related to discipline problems." He further wrote: "A collateral finding of facts is that the agency arbitrarily

4

reassigned Mr. Wright and it is my recommendation that he be reassigned to his former position."

Next, the DEQ requested the Director of the Department of Personnel and Training (DPT), who has final authority to interpret personnel policies and authority to assure compliance with such policies, Code § 2.1-114.5(13), to rule whether the hearing officer's "recommendation" was consistent with state policy. Responding, the DPT ruled "an agency is not bound to act on a hearing officer's decision if that decision is only a recommendation. Therefore, DEQ has no obligation to take further action." DEQ refused to proceed further on the employee's grievance, and this litigation ensued.

The employee filed a pleading labeled "Bill of Complaint" against the Commonwealth, Department of Environmental Quality. He noted that the hearing officer recommended reinstatement to his former position and asserted that the DEQ improperly had refused to implement the hearing officer's decision. Claiming the assignment to the new position was a "functional demotion," the employee alleged that the DEQ's refusal to reinstate him "violates" Code § 2.1-116.07(D) (either party may petition circuit court "for an order requiring implementation of the hearing officer's decision"). The employee asked the court to implement the hearing officer's decision and to award him attorney's fees. In various responsive pleadings, the

5

Commonwealth asserted the circuit court had "no authority to implement nonbinding recommendations made by hearing officers."

Following two hearings, during which many documents relating to the grievance were submitted by the parties, the trial court decided in favor of the employee on cross motions for summary judgment. In an August 1997 order, the court found that the hearing officer had ruled in favor of the employee, and not against him, "as suggested by defendant in argument," and that the "grievance procedures established by the Commonwealth are sufficiently broad to permit the relief sought by the plaintiff." The court then ordered that the Commonwealth "forthwith reinstate" the employee "to his former position as Waste Management Supervisor." Following another hearing, the trial court, in an October 1997 order, awarded the employee attorney's fees of $5,500 plus costs. The Commonwealth appeals both orders.

Simply stated, this is a case in which the trial court exceeded the authority the General Assembly granted to circuit courts in Code § 2.1-116.07(D). Under the statute, an employee may petition the appropriate circuit court "for an order requiring implementation of the hearing officer's decision." Thus, a circuit court's authority, according to the statute, is limited to the act of implementing, or refusing to implement, the hearing officer's ruling. A circuit court lacks authority

to consider the grievance de novo, to modify the hearing officer's decision, to substitute the court's view of the facts for those of the hearing officer, or to invoke its broad equitable powers to arrive at a decision that the court may think is fair; the court may only "implement."

The verb "implement" means "to carry out." Webster's Third New International Dictionary 1134 (1971). In the present case, there was nothing in the hearing officer's decision to carry out; the officer ordered no relief. Ruling against the employee on the only issue properly before him, the hearing officer explicitly determined that the employee's reassignment "was not the result of disciplinary action" by the DEQ, and "was not related to discipline problems."

However, the hearing officer made the "recommendation," not an order, that the employee be reassigned to his former position. Then, the circuit court, purportedly "implementing" the hearing officer's decision, issued an order that the hearing officer did not make; the court directed the Commonwealth to "forthwith reinstate" the employee to his former position. This was error. The hearing officer's "recommendation," while included within his written opinion, was not a "decision" within the meaning of § 2.1-116.07(D) allowing implementation "of the hearing officer's decision."

7

This Court's ruling in Angle v. Overton, 235 Va. 103, 365 S.E.2d 758 (1988), heavily relied upon by the employee, is not controlling. Angle was "decided substantially in [the employee's] favor" by a grievance panel. Id. at 104, 365 S.E.2d at 758. There, we concluded the grievance panel's decision, which used the word "recommends," actually was "couched in mandatory, not discretionary, language." Id. at 106, 365 S.E.2d at 760. We said that the panel's decision was binding and that it commanded the employer to act to implement it. Here, in contrast, the hearing officer's decision was not in the employee's favor. As supplemented by his June 1996 response to Katz, the hearing officer clearly decided in favor of the Commonwealth on the discipline issue and collaterally made a plain recommendation of reassignment that was not binding on the Commonwealth.

Accordingly, because the trial court erred in deciding the merits of the controversy, we will reverse the August 1997 order. Our action thus nullifies the award of attorney's fees to the employee, so we will also reverse the October 1997 order. Finally, we will dismiss the bill of complaint.

Reversed and dismissed.

8