# CIRCUIT COURT OF THE CITY OF NORFOLK

James Conley

v.

City of Norfolk

September 10, 2014

Case No. CL14-214

By Judge Mary Jane Hall

This matter comes before the Court on the City's Demurrer to Plaintiff's petition to implement a City Grievance Panel determination in his favor. The Court finds that Plaintiff's petition sufficiently states a claim for relief and overrules the City's demurrer.

*Background*

Plaintiff was employed by the City Department of Public Works as a Refuse Collector Senior. On April 23, 2013, Plaintiff was suspended pending a termination request for violating the Workplace Violence Policy. On May 30, 2013, Plaintiff was subsequently terminated from employment. Plaintiff contested this termination and received a hearing before the Grievance Panel of the City ("Panel") on October 3, 2013. On October 15, 2013, the Panel made the following determination:

> It is the unanimous opinion of the Panel that the suspension should be for a period of six months from the date of April 23, 2013, and be without pay for that time period. If the Grievant accepts this suspension and returns after the six month period, he should be reinstated with another department.

The City Manager concluded that the Panel determination was inconsistent with law, City policies, and City rules and procedures, because the Panel does not have the power to "limit, impair, modify, or abridge" exclusive rights of the City, including the power to "transfer . . . employees in positions within the city." Grievance Procedure, Section C(5)(6)(7).

According to the City, the Panel exceeded its authority and intruded upon the City's exclusive rights by stating that the City "should" reinstate Plaintiff with another department. Therefore, the City declined to implement the Panel determination and refused to reinstate Plaintiff to any employment with the City.

Plaintiff has filed the instant action, asking this Court to implement the Panel's decision and reinstate his employment with the City. Plaintiff does not seek a transfer to another department. The City demurred to this petition, characterizing Plaintiff's request not as a request for implementation of the Panel decision, but instead, for modification of the decision, which would run afoul of the Virginia Code and applicable precedent.

## Standard of Review

A demurrer tests the legal sufficiency of the claims stated in the pleading challenged. *Dray v. New Mkt. Poultry Prods., Inc.*, 258 Va. 187, 189, 518 S.E.2d 312, 312 (1999). The sole question to be decided by the court is whether the facts pleaded, implied, and fairly inferred are legally sufficient to state a cause of action against Defendant. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001). On demurrer, the court must admit the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991). A demurrer does not admit the correctness of any conclusions of law. *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997). Even if a complaint is imperfect, if it is drafted so that a defendant cannot mistake the true nature of the claim, the court should overrule the demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993).

## Rules and Analysis

Under Virginia law, the decision of a grievance panel is binding upon the municipality in which it has jurisdiction. Va. Code § 15.2-1507(A)(10)(a)(6); *Zicca v. City of Hampton*, 240 Va. 468, 471, 397 S.E.2d 882, 883 (1990) (*citing Angle v. Overton*, 234 Va. 103, 106, 365 S.E.2d 758, 759-60 (1988)). Once a grievance panel has made its decision, the chief administrator of the local government or his designee determines whether the decision is consistent with written policy. Va. Code 15.2-1507(A)(10)(a)(7). Va. Code § 15.2-1507(A)(11) provides that "[e]ither party may petition the circuit court having jurisdiction in the locality in which the grievant is employed for an order requiring implementation of the hearing decision." In *Department of Envt'l Quality v. Wright* ("*DEQ*"), the Supreme Court of Virginia set out the jurisdiction of circuit courts in such situations:

> [A] circuit court's authority, according to the statute, is limited to the act of implementing, or refusing to implement, the hearing officer's ruling. A circuit court lacks authority to consider the grievance *de novo*, to modify the hearing officer's decision, to substitute the court's view of the facts for those of the hearing officer, or to invoke its broad equitable powers to arrive at a decision that the court may think is fair; the court may only "implement."

256 Va. 236, 242 (1998).

In *DEQ*, a grievance panel hearing officer was asked to determine whether an employee's transfer was due to disciplinary reasons. *Id.* at 241. The hearing officer found that the transfer was not due to disciplinary reasons. He also made a "collateral finding of fact" where he determined that the employee's transfer was arbitrary, and he recommended that the employee be reinstated to his original position. *Id.* After the employee petitioned to implement this decision, the circuit court implemented the decision in its entirety; the department then appealed. *Id.* The Supreme Court of Virginia reversed the circuit court, holding that the recommendation based on the collateral findings of fact was not binding on the agency. *Id.* at 242. The Court found that the Circuit Court implemented a decision that the "hearing officer did not make" by ordering the employee's reinstatement and reasoned that, unlike the disciplinary decision by the panel, the recommendation was not binding. *Id.*

The Court interprets *DEQ* as suggesting that grievance panel decisions may have both binding and non-binding provisions on government entities. In the instant case, the Panel clearly ruled in Plaintiff's favor on the only issue submitted to it: the propriety of his termination. The last phrase of the Panel's decision "reinstated with another department," could reasonably be considered a non-binding directive or a collateral fact. The Court rejects the result urged by the City that it may disregard the clear mandate of a Panel respecting an issue properly before it when the Panel also, perhaps unwittingly, saw fit to opine on something that was not before it. That outcome would be all the more troubling in the face of evidence adduced by the Plaintiff that a City attorney counseled the Panel chair about including the recommendation that is now cited as the reason for rejecting the Panel's decision and refusing its implementation.

In *Angle v. Overton*, the Court stated, "[o]bviously, if Overton were free either to accept or to reject the panel's decision, the decision would not be binding and the grievance procedure mandated by the General Assembly would be rendered impotent. We reject such a result." *Angle*, 235 Va. at 106. As in *Angle*, this Court here likewise rejects such a result.

## Conclusion

The authority submitted by the City does not require that the Panel decision on the issue it was asked to decide be thwarted because it also addressed a collateral issue that may not be implemented. For the foregoing reasons, the City's Demurrer is overruled.