COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Chaney and Frucci
Argued by videoconference


MONICA LISLE

MEMORANDUM OPINION[*] BY
v.       Record No. 2100-23-4             JUDGE STEVEN C. FRUCCI
                              APRIL 8, 2025

CITY OF ALEXANDRIA, A VIRGINIA
 MUNICIPAL CORPORATION


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Kathleen M. Uston, Judge

William R. Thetford Jr. (Melissa L. Ruby; Simms Showers, LLP,
on briefs), for appellant.

Robert Porter (Meghan S. Roberts; Office of the City Attorney, on
brief), for appellee.


Monica Lisle appeals an order from the Circuit Court of the City of Alexandria denying

her Petition for Implementation of Tripartite Grievance Panel Determination ("Petition").  On

appeal, Lisle contends that the circuit court erred when it held that the Tripartite Grievance Panel

("Grievance Panel") did not have the power to award a promotion as a remedy, the power to

promote was reserved to the City Manager, the City Manager's determination that the Grievance

Panel award was against city policy was not arbitrary and capricious, and the City Manager did

not have a direct personal involvement with the matters giving rise to her grievance.  For the

following reasons, we affirm the circuit court's denial of the Petition.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

In July 2022, the City of Alexandria ("City") made a promotional announcement to fill a vacant Assistant Chief of Police position in the Alexandria Police Department. While three Assistant Chief of Police positions were vacant at the time, the position of Assistant Chief of the Field Operations Bureau was the position filled following the announcement. The process to select an applicant included three rounds of interviews. Lisle, a police officer with the Alexandria Police Department for over twenty-one years, applied for the position but did not progress to the final round of interviews. Ultimately, another candidate was selected for the position.

Following, Lisle instituted a grievance in accordance with City Administrative Regulation 6-21, alleging that certain policies were not followed during the selection process and requesting that she be appointed to one of the additional vacant Assistant Chief of Police positions.[1] Lisle's grievance advanced to a hearing on June 22, 2023, before the Grievance Panel. After the hearing, the Grievance Panel unanimously decided in favor of Lisle and to award her desired remedial action to be promoted to an Assistant Chief position. However, the City Manager reviewed the decision and declined to implement it, claiming the City's policies did not give the Grievance Panel the authority to award the promotion and that it, therefore,

_____

[1] Under Code § 15.2-1506, "every locality which has more than fifteen employees shall have a grievance procedure for its employees that affords an immediate and fair method for the resolution of disputes which may arise between the public employer and its employees." Code § 15.2-1507 sets forward components and features that the grievance procedures must include. The City adopted Administrative Regulation 6-21 to effectuate this legislative mandate. While not all matters that arise between employee and employer are "grievable" matters that will go through the process, at the time Lisle filed her grievance, "the failure to promote, . . . where the employee can show that established promotional policies or procedures were not followed" was a grievable issue.

Effective July 1, 2023, City Administrative Regulation 6-21 has been amended to specifically prohibit the grievance panel from recommending promotion as a remedy. The parties both agree that the prior version, quoted throughout the above text, governs this case.

violated city policy. After being informed of the City Manager's determination, the Grievance Panel disagreed with the determination and did not modify their award.

Thereafter, Lisle filed a petition in circuit court pursuant to City Administrative Regulation 6-21(VI)(E)(13) and Code § 15.2-1507(A)(11) to implement the Grievance Panel's decision. The Petition asserted that, although the City's administrative regulations limited some of the remedies the Grievance Panel could impose, they did not "prevent awarding a promotion to a vacant position." Lisle further asserted that the Commonwealth's Attorney of Alexandria should have reviewed the Grievance Panel's decision because the City Manager "was directly involved in the promotion process that went awry and the resulting grievance." In response, the City maintained that the Grievance Panel's decision was unlawful because it sought to install Lisle in one of the Assistant Police Chief positions that she did not apply for when "neither the [Police] Chief nor the City Manager chose her for the job." The City further argued that the Grievance Panel did not have the authority to promote Lisle into a position "unrelated to her grievance," because it heard no evidence regarding her qualifications for that position and only the City Manager could promote police officers.

After a hearing on the Petition, the circuit court took the matter under advisement and ordered the parties to provide evidence regarding Lisle's assertion that the City Manager "had 'a direct involvement with the grievance' such that the Commonwealth's Attorney was required to review" the Grievance Panel's "decision for compliance." In response, Lisle asserted that the police union informed the City Manager in October 2022 of concerns regarding "the improper composition of the second stage interview panel" and that the City Manager responded that he had investigated it and "found nothing was wrong." Thus, Lisle contended that the City Manager "was involved in the decision" not to remedy the "flawed" promotion process. Lisle also provided emails from city employees indicating that they had "submitted information" about

the promotion process to the City Manager and "were relying on him to make key decisions." Lisle also pointed out that effective July 1, 2023, the City Manager approved an amendment to City Administrative Regulation 6-21 that explicitly established that grievance panels did not have the authority to promote a grievant. On the other hand, the City Manager submitted an affidavit providing that he was not involved in the first three steps of Lisle's grievance. He stated that he was not involved in the decision "to skip the Step [four] hearing," nor did he "select any panel member" of the step five hearing. He stated that the first communication with the Grievance Panel was a letter informing them that their decision violated city law and policy. He confirmed that he first "learned that concerns had been raised about the selection process" in September or October of 2022. He met with staff about the issue and requested information about the process employed (as demonstrated by the emails Lisle had provided to the circuit court) but did not investigate the selection process or instruct any employee to do so. He asserted that he had "no part" in deciding which candidates advanced to the third round of interviews and that his sole role was "approving [the Police Chief's] final selection." He also stated that "[a]fter . . . Lisle filed her grievance, [he] was briefly involved in responding to a settlement offer from her." The Police Chief also submitted an affidavit stating that he had "final approval on all promotional processes" for the Department and that he alone developed the interview questions. He affirmed that the City Manager "had nothing to do with . . . how many candidates advanced to the third and final round" of interviews.

Following, the circuit court denied the Petition, finding that the "power to promote is reserved to the City Manager"; "the [G]rievance [P]anel does not have the power to award a promotion as a remedy"; "the City Manager did not have 'a direct personal involvement with the event or events giving rise to the grievance' under Virginia Code § 15.2-1507(A)(10)(a)(7)"; and

- 4 -

"the City Manager's . . . determination that the [G]rievance [P]anel's awarding of a promotion to . . . Lisle violated City policy [was] neither arbitrary nor capricious." This appeal follows.

ANALYSIS

"An employee of a locality is entitled to a grievance proceeding to resolve disputes that may arise between her and the locality as her employer." *See LaRock v. City of Norfolk*, 301 Va. 100, 104 (2022) (citing Code § 15.2-1506). "When a locality's grievance procedure provides for a final hearing before a grievance panel, the decisions of the grievance panel 'shall be final and binding and shall be consistent with provisions of law and written policy.'" *Id.* (quoting Code § 15.2-1507(A)(10)(a)(6)). "However, '[t]he question of whether the relief granted by a panel . . . is consistent with written policy shall be determined by the chief administrative officer of the local government[.]'" *Id.* (alterations in original) (quoting Code § 15.2-1507(A)(10)(a)(7)).[2] *See* City Admin. Reg. 6-21(VI)(E)(12).

"After the grievance panel reaches its decision, either party may petition a circuit court 'for an order requiring implementation of the hearing decision.'" *LaRock*, 301 Va. at 105 (quoting Code § 15.2-1507(A)(11)). *See* City Admin. Reg. 6-21(VI)(E)(13). [A] circuit court's authority," however, "is limited to the act of implementing, or refusing to implement, the hearing officer's ruling." *Virginia Dep't of Env't Quality v. Wright*, 256 Va. 236, 241 (1998).

> A circuit court lacks authority to consider the grievance *de novo*, to modify the hearing officer's decision, to substitute the court's view of the facts for those of the hearing officer, or to invoke its broad equitable powers to arrive at a decision that the court may think is fair; the court may only "implement."

*Id.*

---

[2] If the chief administrative officer "has a direct personal involvement with the event or events giving rise to the grievance," then "the decision shall be made by the attorney for the Commonwealth of the jurisdiction in which the grievance is pending." Code § 15.2-1507(A)(10)(a)(7).

At the time of Lisle's grievance, the City's grievance procedure consisted of five steps, where grievances that proceed to the final step go before a tripartite grievance panel. City Admin. Reg. 6-21(VI)(A)-(E). At that time, parties may present evidence and argument. If a grievant demonstrated that the City failed "to follow policies or procedures," she is "entitled to relief if [she] also show[ed], . . . that [she] suffered harm as a direct result of the failure." City Admin. Reg. 6-21(VI)(E)(10). While a grievance panel "may order such relief as it deems necessary to remedy the harm shown to have affected the grievant," the authority of the panel is not without its limits. *Id.* The panel may not "add to, detract from, alter, amend or modify in any way City or department policy or procedure," and its "award shall be consistent with all laws and ordinances." City Admin. Reg. 6-21(VI)(E)(8).

Section 4-1-1 of the City Code provides: "The chief of police and police officers shall be appointed by the city manager to serve at the pleasure of the city manager." Furthermore, Directive 4.21.05(J) of the Alexandria Police Department's promotion policy gives "sole discretion" over promotion decisions to the Police Chief. As such, to award a promotion to an individual who did not go through the Department's promotion policy for the position would be detracting from the City and the Department's policies and procedures. Additionally, as the City Administrative Regulations do not speak to the Grievance Panel's authority to promote, we may not infer the power to promote in the face of conspicuous silence. *See Jones v. Carter*, 234 Va. 621 (1988). Therefore, the circuit court did not err in concluding that the Grievance Panel did not have the authority to award a promotion and for denying the petition to implement.

As it was not error to deny the Petition, this Court declines to address Lisle's alternative assignments of error. *See Ali v. Commonwealth*, 75 Va. App. 16, 37 n.9 (2022) (noting that "[t]he mechanism of assuming without deciding a particular point in issue sometimes facilitates the appellate court's achievement of th[e] goal" of "decid[ing] cases on the best and narrowest

ground"); *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (stating that "the doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available'" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

CONCLUSION

For the foregoing reasons, this Court affirms the circuit court's denial of the Petition.

*Affirmed.*