### Richmond

## COMMONWEALTH OF VIRGINIA, DEPARTMENT OF TAXATION

v.

## BRIAN N. HOGAN

No. 0900-89-2

Decided November 13, 1990

Counsel

Neil A. G. McPhie, Assistant Attorney General (Mary Sue Terry, Attorney General; Walter A. McFarlane, Deputy Attorney General; Cleo E. Powell, Senior Assistant Attorney General; Alma F. Jackson, Assistant Attorney General, on brief), for appellant.

James B. Thorsen (Thorsen & Page, on brief), for appellee.

Opinion

**COLEMAN, J.**—The Department of Taxation dismissed its employee, Brian Hogan, as a disciplinary measure. Hogan grieved the dismissal under the state's grievance procedure established pursuant to Code § 2.1-114.5:1. A grievance arbitration panel issued a decision directing the Department to reinstate Hogan. The panel, in addition to directing reinstatement, issued a nonbinding recommendation that he be demoted.

As a result of the grievance decision, the Department, as the panel directed, reinstated Hogan, but at a lesser position. Hogan did not file a new or separate grievance contending that the demotion constituted an excessive disciplinary action. Instead, he petitioned the circuit court pursuant to Code § 2.1-114.5:1(F), requesting that the court interpret and enforce the panel's reinstatement decision as requiring that he be reinstated to his former position. The trial court ruled that the panel's decision to reinstate was a decision which the circuit court was empowered to enforce under Code § 2.1-114.5:1(F), but that the agency's decision to demote was a separate and subsequent act which was grievable, but was not enforceable under Code § 2.1-114.5:1(F). The circuit court held, nevertheless, that although the demotion was a separately grievable issue, the petition for enforcement would be treated as a filing of a grievance within thirty days of the action giving rise to the complaint and remanded the proceeding for a grievance hearing. The employer appeals that decision and contends that the trial court erred by ruling that filing an enforcement petition pursuant to Code § 2.1-114.5:1(F) should be treated as filing a grievance with the employer.

The employee contends that he filed the appropriate proceeding pursuant to Code § 2-1.114.5:1(F) and that the trial court should have ordered that he be reinstated to his former position rather than a demoted position, in accordance with the grievance panel's decision.

The dispositive issue is whether the filing of a petition in circuit court pursuant to Code § 2.1-114.5:1(F), the purpose of which is to require a party to implement a grievance panel's decision, should be treated as the initiation of a grievance over a separate disciplinary action. Unless the filing of the petition to implement a decision can be treated as filing a grievance or tolling the time for doing so, the thirty day limitation for filing notice of the intent to grieve agency action bars the employee's right to have his complaint pertaining to the demotion arbitrated. We hold that the petition to implement a panel action does not serve to initiate a grievance or toll the limitation for doing so.

 The Department's decision to demote Hogan upon his reinstatement was an agency disciplinary action separate from the Department's dismissal of him, for which he obtained reinstatement. A panel is not prohibited from making a disciplinary recommendation, such as a demotion, when issuing directives, but it cannot order that an agency take such action since disciplinary action remains the prerogative of the employer agency. *See Jones v. Carter*, 234 Va. 621, 625, 363 S.E.2d 921, 923-24 (1988). During the grievance procedure, both the parties and the panel understood that the decision to demote exceeded the authority of the panel, but that the panel could make a nonbinding recommendation. The trial court correctly so held. The court also correctly determined that the demotion upon reinstatement was an issue that had to be grieved separately and was not enforceable as part of the panel's reinstatement decision without exhausting the administrative grievance procedure.

Nevertheless, the trial court proceeded to treat Hogan's petition to construe and enforce the panel decision as the initiation of a grievance over the demotion. Obviously, the ruling by the trial court that the petition constituted the initiation of a grievance was an effort by the court to preserve Hogan's right of action to grieve the disciplinary demotion, for which he was required to file notice with the agency within thirty days of the action which gave rise to the complaint. However, the trial court lacked authority to treat

the petition as filing notice of a grievance with an agency. Such a ruling contravenes the grievance procedures promulgated by the Department of Employee Relations Counselors pursuant to Code § 2.1-114.5:6(6).

Accordingly, the ruling of the trial court is reversed, and the suit is dismissed.

*Reversed and dismissed.*

Cole, J., and Willis, J., concurred.