VIRGINIA DEPARTMENT OF TAXATION

v.

MAURIE L. DAUGHTRY

No. 0420-93-1

Decided October 11, 1994

COUNSEL

Guy W. Horsley, Jr., Senior Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Milton K. Brown, Jr., Deputy Attorney General; Neil A.G. Mcphie, Senior Assistant Attorney General, on brief), for appellant.

Neil C. Bonney (Neil C. Bonney & Associates, on brief), for appellee.

Opinion

**WILLIS, J.**—This Court lacks jurisdiction to review the judgment of a circuit court entered pursuant to Code § 2.1-114.5:1(F). Accordingly, we order this case transferred to the Supreme Court of Virginia pursuant to Code § 8.01-677.1.

On March 19, 1992, the Virginia Department of Taxation (the Department) dismissed Ms. Daughtry from employment because of a disciplinary violation. She lodged a grievance pursuant to Code § 2.1-114.5:1. Ultimately, the matter was heard, pursuant to Code § 2.1-114.5:1(D)(4), before a grievance panel, which ordered her reinstatement. The Department reinstated her, but conditioned her reinstatement upon her transfer from the Hampton Roads area to Richmond and upon her undergoing a mental health evaluation.

Pursuant to Code § 2.1-114.5:1(F), Ms. Daughtry petitioned the trial court to implement the panel decision. The trial court ordered the Department to comply with the grievance panel's decision, without variation or condition, and ordered Ms. Daughtry's reinstatement without transfer or the requirement of a mental health evaluation. This appeal addresses that judgment.

■ This is a Court of limited jurisdiction. Code § 17-116.05 authorizes this Court to entertain appeals from:

I. Any final decision of a circuit court on appeal from a decision of an administrative agency;

The jurisdictional issue in this case turns on whether the proceeding in the trial court was "on appeal from a decision of an administrative agency." We hold that it was not.

In *Department of Taxation v. Hogan*, 11 Va. App. 306, 397 S.E.2d 902 (1990), this Court accepted and ruled on the merits of a circuit court's judgment entered pursuant to Code § 2.1-114.5:1(F). In *Zicca v. City of Hampton*, 240 Va. 468, 397 S.E.2d 882 (1990), the Supreme Court entertained a similar appeal. Neither case addressed the issue of appellate jurisdiction. *See also Angle v. Overton*, 235 Va. 103, 365 S.E.2d 758 (1988).

Code § 2.1-114.5:1(D)(4)(d) provides, in pertinent part:

The decision of the panel shall be final and binding and shall be consistent with provisions of law and written policy.

Code § 2.1-114.5:1(F) provides:

Either party may petition the circuit court having jurisdiction in the locality in which the grievant is employed for an order requiring implementation of the panel decision.

The Department relies upon *Commonwealth v. Yeatts*, 233 Va. 17, 353 S.E.2d 717 (1987). In *Yeatts*, a highway contractor claimed additional contractual compensation from the Virginia Department of Highways and Transportation. Having pursued the administrative procedures required by Code § 33.1-386 without satisfaction, the contractor filed suit in the circuit court pursuant to Code § 33.1-387. Holding that jurisdiction to review the circuit court's judgment lay in the Court of Appeals, the Supreme Court noted that the circuit court proceeding, pursuant to Code § 33.1-387, was a substantive review of the administrative procedure required by Code § 33.1-386, and, thus, was an appeal from the decision of the administrative agency. The Court said:

Here, Yeatts had no alternative but to pursue the administrative procedures authorized by Code § 33.1-386, and the submission of its claim in the time and manner prescribed by that Code section was a condition precedent to the right to file a civil action under § 33.1-387. In other words, Yeatts' right to bring a civil action was dependent upon having first invoked administrative procedures. Hence, the action permitted by § 33.1-387 is dependent and not independent.

*Id.* at 24, 353 S.E.2d at 721.

The grievance panel's decision in this case was "final and binding." *See Angle*, 235 Va. at 106, 365 S.E.2d at 759. Only its implementation could be granted or denied by the circuit court. The panel decision was not subject to substantive review or modification. It was a final judgment. The circuit court proceeding was not dependent upon the grievance procedure. It was collateral and independent. It was analogous to a proceeding to domesticate and enforce a foreign judgment. Therefore, it was not an appeal of the grievance panel's decision.

For the foregoing reasons, we hold that this Court lacks jurisdiction and we order this appeal transferred to the Supreme Court pursuant to Code § 8.01-677.1.

*Transferred.*

Benton, J., and Elder, J., concurred.