COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia


CHAKRI, LLC

MEMORANDUM OPINION[*] BY
v.          Record No. 1591-06-1                    JUDGE JAMES W. HALEY, JR.
MAY 13, 2008

STD, INC.


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

Charles L. Bashara (Bashara & Hubbard, on brief), for appellant.

No brief or argument for appellee.


In this cause involving an injunction arising from the sale of a business, a proper

delineation of the issues requires a precedent statement of relevant facts.

## I.  FACTS

On August 1, 2003, Chakri, LLC, owned by appellant Djamel Chakri ("Chakri"), entered

into a written contract to purchase business assets owned by STD, Inc. ("STD"), whose president

was Domenico Morrocu.[1]  As here relevant, the contract contained the following terms:

> It is agreed that [Chakri] with the expressed permission of
> [STD], is to trade as PRIMO PIZZA, however in the event
> [Chakri] breaches this agreement or acts in bad faith, which shall
> be at the sole discretion of [STD], which said acts are detrimental
> to [STD's] business, [STD] shall give [Chakri] 10 days written
> Notice to cease and desist said acts and in the event [Chakri] does
> not cease and desist, [STD] can, at its sole discretion terminate
> [Chakri's] use of the name PRIMO or PRIMO PIZZA.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The purchase agreement had as attachments a promissory note, an itemized bill of sale
for personalty, a security agreement concerning the same, and a sublease.

On November 21, 2004, counsel for STD wrote to Chakri advising that the business was "being operated in a such manner [sic] that is detrimental to the good business name of STD." The letter continued that "you are hereby given ten (10) days to cease and desist said acts . . . . If you fail to cease and desist as requested, your rights to operate under the name Primo Pizza will be terminated." The letter did not specify what "acts" Chakri was to cease and desist doing.

On September 8, 2005, STD filed a petition for injunctive relief. After reciting the terms of the purchase agreement quoted above, STD sought the court to enjoin Chakri "from using or operating under the name PRIMO PIZZA or any variation of the name PRIMO."

A hearing on the petition was held on December 16, 2005, before Honorable Thomas J. Shadrick. Judge Shadrick granted the injunction and asked counsel for petitioner to prepare the appropriate order. That order was presented to Judge Edward H. Hanson, Jr. on January 27, 2006. The proposed order enjoined Charki "from using . . . the name Primo Pizza or any variation of the name Primo."

According to an Agreed Statement of Facts ("the Statement") filed in this cause, Judge Hanson "ordered (STD), through counsel, to strike the term 'any variation of the name.'" We here note that although the January 27, 2006 order recites "testimony and evidence presented" and "argued by counsel," no transcript of this proceeding has been provided to this Court. The Statement makes no reference whatsoever to any testimony, does not recite any arguments made to the trial court, and identifies only the original purchase agreement as evidence adduced.

The Statement recites that subsequent to entry of the January 27 order, Chakri "changed the name of his business from 'Primo' to La Prima Pizzeria." The Statement contains no reference to any further changes associated with renaming or any cost associated with the same.

On February 3, 2006, STD filed a petition for contempt, maintaining Judge Hanson's deletions in the January 27 order were erroneous as not in accord with Judge Shadrick's earlier

decision. Following a hearing on February 24, 2006, in an order entered March 24, 2006, Judge Shadrick reinserted the deleted language and added "including Prima." The new injunction became effective at midnight April 24, 2006. Thus Chakri was granted 30 days to comply with the terms of the injunction. Judge Shadrick did *not* find Chakri in contempt. Again, no transcript is provided of this hearing and the Statement makes no reference to any testimony, any argument made, or any evidence adduced.[2]

On April 3, 2006, Chakri filed a motion to vacate the March 24 order. Among his allegations was that Judge Hanson's January 27 order was not in error because neither the original purchase agreement prohibited, nor STD's original petition for injunction sought, the inclusion of "any variation" on Primo Pizza or Primo within their scope. On April 28, 2006, STD filed a petition for contempt, maintaining that Chakri continued to operate under the name "La Prima Pizza." Both the motion and the petition were consolidated for trial on May 12, 2006. On that date, Judge Shadrick found Chakri in contempt of the March 24 injunction. He ordered him immediately jailed "until such time as [Chakri] changes the name of restaurant La Prima pursuant to this Court's order of March 24, 2006 and pays . . . [STD's counsel] attorney fees in the amount of $1500." Chakri did both that day and was released. The court further denied Chakri's motion to vacate the March 24, 2006 order. The bench rulings of May 12, 2006 were set forth in a written order entered June 12, 2006. We again note that the Statement contains no recital as to testimony, argument, or evidence at the May 12, 2006 hearing.

## II. INJUNCTION ANALYSIS

Chakri's first assignment of error is that the trial court (Judge Shadrick) improperly granted the December 16, 2005 (Judge Shadrick) injunction, as re-affirmed and clarified by the

---

[2] The Statement erroneously states Chakri was found in contempt in the March 24, 2006 order.

March 24, 2006 (Judge Shadrick) injunction, because the contract for the sale of the business was "clear and unambiguous" and did not prohibit variations on the name "Primo" or "Primo Pizza." Chakri's third assignment of error, that Judge Shadrick improperly denied his motion to vacate the March 24, 2006 injunction, is necessarily intertwined (if not identical to) his first assignment of error. Accordingly, we consolidate these assignments for consideration.

In neither oral argument nor on brief does Chakri set forth any statutory authority conferring upon this Court jurisdiction to address these consolidated assignments of error. "We are required . . . to ascertain our jurisdiction before proceeding." Bullis v. Bullis, 22 Va. App. 24, 29, 467 S.E.2d 830, 833 (1996). In Virginia, "[t]he general appellate jurisdiction . . . is in the Supreme Court and not in the Court of Appeals." West v. Commonwealth, 18 Va. App. 456, 458, 445 S.E.2d 159, 160 (1994). Our jurisdiction with respect to injunctions is set forth in Code § 17.1-405(4). And that jurisdiction is limited to injunctions ancillary to matters of administrative law, workers' compensation law, or, generally, domestic relations law. Id. It does not extend to an injunction, as here, related solely to the sale of a business.

For this reason, we express no opinion as to the propriety of the December 16, 2005 or the March 24, 2006 injunctions. Rather, pursuant to Code § 8.01-677.1,[3] we transfer the

---

[3] Code § 8.01-677.1 states:

> Notwithstanding any other provisions of this Code, no appeal which was otherwise properly and timely filed shall be dismissed for want of jurisdiction solely because it was filed in either the Supreme Court or the Court of Appeals and the appellate court in which it was filed thereafter rules that it should have been filed in the other court. In such event, the appellate court so ruling shall transfer the appeal to the appellate court having appropriate jurisdiction for further proceedings in accordance with the rules of the latter court. The parties shall be allowed a reasonable time to file such additional or amended pleadings as may be appropriate to proceed with the appeal in the appellate court to which the appeal is transferred.

consolidated issue to the Supreme Court for further proceedings, if Chakri be so advised. See Mattaponi Indian Tribe v. Commonwealth, 43 Va. App. 690, 695, 601 S.E.2d 667, 670 (2004); Dep't of Taxation v. Daughtry, 19 Va. App. 135, 136, 449 S.E.2d 57, 58 (1994).

### III.  CONTEMPT ANALYSIS

On brief, Chakri defines his second assignment of error as follows:  "Can a court hold a respondent in contempt where the respondent fully complies with the express order of the court?"  He argues that he complied with the January 27, 2006 (Judge Hanson) order and cannot be held in contempt of the same.  We conclude we do have jurisdiction to review the punishment resulting from a finding of contempt by violation of an order of injunction, pursuant to Code § 8.01-626.

That being said, the problem with this assignment of error is that Chakri was never held in contempt of the January 27, 2006 injunction.  Rather, he was held in contempt of the March 24, 2006 injunction.  At oral argument, he conceded he was, in fact, in contempt of that order.

Charkri's assignment of error is based upon a false premise, that is, that he had been found in contempt of the January 27, 2006 (Judge Hanson) order.  Accordingly, his assignment of error is "self-defeating" and we do not address it.  See Lay v. Commonwealth, 50 Va. App. 330, 336-37, 649 S.E.2d 714, 716-17 (2007).

Affirmed, in part,
and transferred,
in part.