COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Alston
Argued at Richmond, Virginia


VIRGINIA DEPARTMENT OF CORRECTIONS
                                                                OPINION BY
v.        Record No. 2684-08-2                    JUDGE ROSSIE D. ALSTON, JR.
                                                             DECEMBER 15, 2009
TAMMY ESTEP


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Frederick G. Rockwell, III, Judge

            Guy W. Horsley, Jr., Special Assistant Attorney General (Robert F.
            McDonnell, Attorney General; Maureen Riley Matsen, Deputy Attorney
            General, on briefs), for appellant.

            Mary Elizabeth Davis (Kelley M. Wynne; Spotts Fain, PC, on brief ),
            for appellee.


        The Virginia Department of Corrections (the Department) appeals from a decision of the

circuit court, which implemented the final decision of a hearing officer pursuant to Code

§ 2.2-3006(D).  Because this Court lacks jurisdiction to review the judgment of a circuit court

entered pursuant to that code section, we order this case transferred to the Supreme Court of

Virginia pursuant to Code § 8.01-677.1.[1]

_____

        [1] Code § 8.01-677.1 states:

            Notwithstanding any other provisions of this Code, no appeal which
            was otherwise properly and timely filed shall be dismissed for want of
            jurisdiction solely because it was filed in either the Supreme Court or
            the Court of Appeals and the appellate court in which it was filed
            thereafter rules that it should have been filed in the other court.  In
            such event, the appellate court so ruling shall transfer the appeal to the
            appellate court having appropriate jurisdiction for further proceedings
            in accordance with the rules of the latter court.  The parties shall be
            allowed a reasonable time to file such additional or amended pleadings

BACKGROUND

On November 13, 2006, the Department of Corrections informed Tammy Estep (Estep), the Superintendent of the Central Virginia Correctional Unit (CVCU), that she must either choose to be voluntarily demoted or be subject to a Group III Written Notice and a subsequent demotion to a position of lower authority than that associated with the voluntary demotion. Rather than risk the Group III Written Notice, Estep accepted the less severe demotion.

On December 4, 2006, Estep initiated a grievance proceeding pursuant to Code § 2.2-3003, which describes the grievance procedure for state employees generally. Ultimately, the hearing officer determined that the Department's actions constituted an adverse employment action, because its primary purpose was to punish or correct Estep's behavior. Accordingly, the hearing officer ordered the Department to reinstate Estep "to a comparable position as either a Superintendent or Assistant Warden, such that she will be in the same Pay Band as she was when she was involuntarily demoted." The hearing officer also stated that if the Department was "unable to provide an Assistant Wardenship, which is in the same Pay Band that [Estep] occupied when she was Superintendent, along with the appropriate housing or housing allowance, . . . the [Department must] return [Estep] to her original position with her original Pay Band and the housing provided at that Unit." The hearing officer ordered other ameliorative steps, which are not at issue in this appeal.

At the time of the hearing officer's decision, Estep's former position was filled. Consequently, the Department transferred Estep to the Powhatan Reception and Classification Center (PRCC) to assume the newly created position of Deputy Warden. Estep challenged the implementation of the hearing officer's decision by filing a petition in circuit court under Code § 2.2-3006(D), which states, "Either party may petition the circuit court having jurisdiction in the locality in which the

as may be appropriate to proceed with the appeal in the appellate court
to which the appeal is transferred.

- 2 -

grievance arose for an order requiring implementation of the final decision or recommendation of a hearing officer." Estep argued that the Department did not comply with the hearing officer's decision, because the Deputy Warden position was not comparable to the Superintendent position she previously held. The circuit court agreed and ordered the Department to reinstate Estep to her original position at CVCU. The Department appeals that judgment.

ANALYSIS

"The Court of Appeals of Virginia is a court of limited jurisdiction. Unless a statute confers jurisdiction in this Court, we are without power to review an appeal." Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996) (citation omitted); see also Lewis v. Lewis, 271 Va. 520, 524-25, 628 S.E.2d 314, 316-17 (2006) (without statutory authority conferring subject matter jurisdiction upon the Court of Appeals, the Court lacks authority to review an appeal). Pursuant to Code § 17.1-405(1), the Court of Appeals has jurisdiction to hear an appeal from "any final decision of a circuit court on appeal from (i) a decision of an administrative agency, or (ii) a grievance hearing decision issued pursuant to § 2.2-3005."

Accordingly, we must determine herein whether the proceeding in the circuit court was "an appeal from . . . a grievance hearing decision" pursuant to Code § 17.1-405(1)(ii). We hold that it was not.

This precise issue previously came before this Court under the now repealed Title 2.1. In Virginia Department of Taxation v. Daughtry, 19 Va. App. 135, 449 S.E.2d 57 (1994), Daughtry, the grievant therein, petitioned the circuit court to implement a grievance panel decision. Id. at 136, 449 S.E.2d at 58. This Court transferred the case to the Supreme Court of Virginia, finding that the grievance panel's decision was a final judgment that was "not subject to substantive review or modification." Id. at 137-38, 449 S.E.2d at 59. In making the transfer determination this Court held that the case before the circuit court was "analogous to a proceeding to domesticate and enforce a

- 3 -

foreign judgment. Therefore, it was not an appeal *of* the grievance panel's decision." Id. (emphasis added). Thus, the Court of Appeals found the matter fell outside the limited jurisdiction conferred by Code § 17-116.05.[2]

The Department argues that Daughtry is not binding authority, because in 1994 the grievance procedure provision, Code § 2.1-114.5:1, which has since been repealed, did not provide for any appeal to the circuit court on the merits of the complaint."[3] Code § 2.1-114.5:1(D)(4)(d). Code § 2.1-114.5:1(F), which was at issue in Daughtry, only granted circuit courts the jurisdiction to hear petitions seeking the implementation of the panel decision.

We are not persuaded by the Department's argument. It is true that that the current grievance procedure, which was enacted in 2001, allows a party to appeal to a circuit court "on the grounds that the determination is contradictory to law." Code § 2.2-3006(B). However, we do not find any justification for holding that the addition of a provision granting an appeal on the merits to the circuit court provides this Court with jurisdiction over *every* circuit court case that originates in a grievance panel.

This case came before the circuit court pursuant to Code § 2.2-3006(D). Code § 2.2-3006(D) states, "Either party may petition the circuit court having jurisdiction in the locality in which the grievance arose for an order requiring implementation of the final decision or recommendation of a

---

[2] Code § 17-116.05(1) was repealed in 1998. It stated: "Any aggrieved party may appeal to the Court of Appeals from . . . any final decision of a circuit court on appeal from a decision of an administrative agency." Code § 17.1-405, the current jurisdictional statute, includes an additional provision, which provides the Court of Appeals jurisdiction over appeals of grievance hearing decisions. Despite the absence of this provision in Code § 17-116.05(1), it is clear that the Court of Appeals equated a grievance hearing decision with an administrative agency decision, when considering whether it had jurisdiction over the matter. See Daughtry, 19 Va. App. 135, 449 S.E.2d 57; Va. Dep't of Taxation v. Hogan, 11 Va. App. 306, 297 S.E.2d 902 (1990).

[3] Title 2.1 only provided for an appeal to the circuit court for a determination of whether a matter qualified for a panel hearing. Code § 2.1-114.5:1(E).

- 4 -

hearing officer."[4] If the General Assembly intended Code § 2.2-3006(D) to provide for an appeal, rather than a mechanism for the enforcement of a decision, it was within the legislature's power to state as such. Under well-settled rules of statutory construction, "we consider the language of a statute to determine the General Assembly's intent from the plain and natural meaning of the words used." Alcoy v. Valley Nursing Homes, Inc., 272 Va. 37, 41, 630 S.E.2d 301, 303 (2006). "[W]e must assume that 'the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.'" Rasmussen v. Commonwealth, 31 Va. App. 233, 238, 522 S.E.2d 401, 403 (1999) (quoting Frazier v. Commonwealth, 27 Va. App. 131, 135, 497 S.E.2d 879, 881 (1998)).

When a party petitions the circuit court pursuant to Code § 2.2-3006(D), it does not seek a review of the hearing officer's decision on the merits, nor does it seek a modification of the hearing officer's decision. Rather, these implementation proceedings recognize that the hearing officer's decision is "final and binding," Code § 2.2-3005.1(C)(iii) (the decision of the hearing officer shall "be final and binding if consistent with law and policy"), and the circuit court proceeding is "analogous to a proceeding to domesticate and enforce a foreign judgment," Daughtry, 19 Va. App. at 137, 449 S.E.2d at 59. Because the situation before us closely reflects the statutory and factual landscape present in Daughtry, we find Daughtry's analytical framework holding that enforcement proceedings are not appeals to trial courts over which this Court has appellate jurisdiction convincing.

Accordingly we find that this petition to the circuit court under Code § 2.2-3006(D) was not an appeal of the grievance panel decision. We hold that this Court lacks jurisdiction, and we order this appeal transferred to the Supreme Court of Virginia pursuant to Code § 8.01-677.1.

Transferred.

---

[4] Code § 2.2-3006(D) mirrors Code § 2.1-114.5:1(F).